SPEAKERS OF SPORT, INC., Plaintiff-Appellant, v. U.S. TELEPHONE, INC., *et al.*, Defendants-Appellees.

First District (5th Division)  No. 85—0292

Opinion filed November 21, 1986.

Charles Barnhill, Jr., of Davis, Miner, Barnhill & Galland, and Michael T. Hannafan and Sean F. O'Shea, both of Hannafan & Handler, Ltd., both of Chicago, for appellant.

Michael W. Ward, of O'Keefe, Ashenden, Lyons & Ward, of Chicago, for appellees.

JUSTICE LORENZ delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County dismissing plaintiff's suit against U.S. Telephone (U.S.T.) and U.S. Telephone of the Midwest (U.S.T.M.). The dismissal was based on a finding of Federal preemption, primary jurisdiction in the Federal Communications Commission (FCC), and the pendency of a Federal action involving the same cause and the same parties.

We reverse and remand based upon the controlling authority of

*Kellerman v. MCI Telecommunications Corp.* (1986), 112 Ill. 2d 428, 493 N.E.2d 1045.

Plaintiff, Speakers of Sport, sought to bring this action on its own behalf and on behalf of the class of present and former customers of U.S.T. and U.S.T.M. who had allegedly been improperly charged for certain uncompleted, long-distance telephone calls. Plaintiff alleged that defendants had a practice of billing for uncompleted telephone calls where the telephone rang six times or more. The fact of such charges was allegedly not disclosed in defendants' FCC filings, rate schedules, and advertising. One count of the first amended complaint charged defendants with fraud based on these omissions. A second count alleged breach of contract based on these omissions and based on plaintiff having contracted for service in reliance on the custom and practice that customers were only charged from the time a telephone connection was established. A third count charged that defendants' failure to disclose these charges violated the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1983, ch. 121½, par. 261 *et seq.*).

Defendants moved to dismiss the complaint on three grounds. They contended that exclusive jurisdiction over these claims was in the Federal Communications Commission and the Federal courts under the preemption doctrine. Alternatively they contended that under the doctrine of primary jurisdiction, the complaint should be dismissed pending determination of the issues by the FCC. Finally they contended that the court should exercise its discretion to dismiss the action because of a pending Federal action involving the same parties and the same issues. The circuit court subsequently dismissed the complaint based on all three grounds.

We find that all the issues in this cause are controlled by our supreme court's decision in *Kellerman v. MCI Telecommunications Corp.* (1986), 112 Ill. 2d 428, 493 N.E.2d 1045. In *Kellerman* the plaintiffs were subscribers of MCI's long-distance telephone service who alleged, *inter alia*, that in its advertisements and promotional materials, MCI failed to disclose that it billed customers for uncompleted calls and imposed a surcharge when the telephone rang six or more times before it was answered. It was alleged that defendant's conduct violated the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1983, ch. 121½, par. 261 *et seq.*) and the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1983, ch. 121½, par. 311 *et seq.*). Plaintiffs also alleged that this conduct constituted common law fraud and a breach of contract.

Defendant MCI moved to dismiss their actions, raising the same

preemption argument raised by plaintiff Speakers of Sport in this cause. MCI also sought a stay of the actions based on the same contentions of primary jurisdiction and the pendency of a Federal action raised by plaintiff here. The circuit court's refusal to dismiss or stay these actions was then affirmed by this court and by the Illinois Supreme Court.

■■ ■ As the supreme court noted in *Kellerman,* the preemption doctrine provides that in some instances Federal law will override or preempt State laws concerning the same subject. (*Kellerman v. MCI Telecommunications Corp.* (1986), 112 Ill. 2d 428, 438, 493 N.E.2d 1045, 1049; *Rice v. Santa Fe Elevator Corp.* (1947), 331 U.S. 218, 91 L. Ed. 1447, 67 S. Ct. 1146.) In determining whether Congress intended Federal law to preempt State law, the courts must determine whether the Federal regulation is so pervasive that it may reasonably be inferred that the State could not supplement the regulation or whether State law actually conflicts with the Federal law. (*Fidelity Federal Savings & Loan Association v. de la Cuesta* (1982), 458 U.S. 141, 153, 73 L. Ed. 2d 664, 675, 102 S. Ct. 3014, 3022, cited in *Kellerman v. MCI Telecommunications Corp.* (1986), 112 Ill. 2d 428, 439, 493 N.E.2d 1045, 1049.) The *Kellerman* court examined the Communications Act (47 U.S.C. sec. 151 *et seq.* (1982)), and determined that the plaintiffs' actions were not preempted by the Act, stating:

"The subject matter of plaintiffs' complaints involves neither the quality of defendant's service nor the reasonableness and lawfulness of its rates. Plaintiffs only allege that defendant disseminated fraudulent and deceptive advertisements concerning the cost of its long-distance telephone service. As such, plaintiffs seek to hold defendant to the same standards as they would any other business which advertises on a nationwide basis and which, in the course of its business, is subject to regulation from a number of Federal and State agencies. Moreover, these actions do not present 'an obstacle to the accomplishment' of the Federal policy of promoting a 'rapid, efficient *** communication service with adequate facilities at reasonable charges.' (47 U.S.C. sec. 151 (1982).) The prosecution of these claims will in no way interfere with the delivery of long-distance telephone service to defendant's customers, and any possible effect the litigation could have on defendant's telephone rates is speculative at best. Finally, no Federal statute or regulation has been brought to our attention which would expressly prohibit these actions. Therefore, we find that Congress did not intend to occupy the field of interstate telephone service to the

extent of barring these State-law claims for fraud, breach of contract and deceptive practices, and hold that plaintiffs' actions are not preempted." 112 Ill. 2d 428, 443-44, 493 N.E.2d 1045, 1051-52.

■ In this cause defendants note that plaintiff's amended complaint contains many references to alleged "improper charges" by defendants. But when read in its entirety, it becomes clear that the gravamen of the complaint concerns defendants' allegedly misleading advertising and rate schedules. Like the plaintiffs in *Kellerman*, the plaintiff here is not actually challenging the reasonableness or lawfulness of defendants' rates. Therefore, under the authority of *Kellerman*, we find no Federal preemption of plaintiff's State action.

■ The circuit court also dismissed plaintiff's complaint in this cause because it found that primary jurisdiction over the dispute rested with the Federal Communications Commission. Yet this same contention was rejected by the *Kellerman* court. Under the doctrine of primary jurisdiction, when an administrative agency has specialized expertise that would help resolve a controversy before the court, that court should stay the judicial proceedings pending referral of the controversy to that agency. *Nader v. Allegheny Airlines, Inc.* (1976), 426 U.S. 290, 48 L. Ed. 2d 643, 96 S. Ct. 1978; *United States v. Western Pacific R.R. Co.* (1956), 352 U.S. 59, 1 L. Ed. 2d 126, 77 S. Ct. 161; *Kellerman v. MCI Telecommunications Corp.* (1986), 112 Ill. 2d 428, 493 N.E.2d 1045.

■ In rejecting the applicability of this doctrine in *Kellerman*, the supreme court stated:

"[T]he plaintiffs here do not contest the reasonableness or lawfulness of defendant's charges or billing practices, but only seek recovery for defendant's failure to disclose certain facts. In resolving the dispute it will not be necessary to evaluate 'the economics or technology of the regulated industry' (*Nader v. Allegheny Airlines, Inc.* (1976), 426 U.S. 290, 305, 48 L. Ed. 2d 643, 656, 96 S. Ct. 1978, 1987); and, thus, we see little benefit, if any, in referring plaintiffs' claims to the FCC. Plaintiffs allege common law claims and violations of State statutes. The legal and factual issues that are involved in these cases are standard fare for judges, and, consequently, must be deemed to be 'within the conventional competence of the courts.' (*Nader v. Allegheny Airlines, Inc.* (1976), 426 U.S. 290, 305-06, 48 L. Ed. 2d 643, 656, 96 S. Ct. 1978, 1987.) Therefore, we reject defendant's argument that the primary-jurisdiction doctrine requires that these actions be stayed pending referral to the

FCC." (112 Ill. 2d 428, 446, 493 N.E.2d 1045, 1053.) This holding is fully applicable to this cause where the plaintiff's similar claims raise no issue requiring the specialized or technical expertise of the FCC. Therefore we find that the circuit court erred in dismissing plaintiff's suit on this ground.

■■ The final basis for the circuit court's dismissal of this action was the pendency of a class action suit involving the same parties in the United States District Court for the Eastern District of Michigan. Under section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(3)), a court may in the exercise of its discretion dismiss or stay an action when another action is pending between the same parties for the same cause.

Again, this same class action was cited by the defendant in *Kellerman* as a basis for staying the *Kellerman* suit. In affirming the circuit court's denial of the stay, the *Kellerman* court specifically stated:

"None of the counts remaining in the Federal action alleged common law claims for fraud or breach of contract, or claims based on Illinois' deceptive trade and consumer fraud statutes, but relate only to whether defendant's failure to disclose its charges constitutes a violation of section 201(b) (47 U.S.C. sec. 201(b)) of the Communications Act. The issue of whether defendant's failure to disclose certain charges is 'unjust or unreasonable' under section 201(b) of the Communications Act has no relevance as to whether defendant's failure to disclose those charges constituted fraud, a breach of contract, or a violation of Illinois' statutes. While some of the same documentary evidence may be used in both cases, the lawsuits involve entirely different theories and litigation strategies. Thus, considerations of comity, multiplicity and *res judicata* do not persuade us that these actions should be stayed. Moreover, as the trial judge observed, these actions were among the first to be filed in the country, and, consequently, it cannot be argued that the actions were filed with a vexatious purpose or with the intent to harass defendant. Thus, we find that the refusal to grant a stay pursuant to section 2—619(a)(3) was not an abuse of discretion." *Kellerman v. MCI Telecommunications Corp.* (1986), 112 Ill. 2d 428, 448-49, 493 N.E.2d 1045, 1054.

This same reasoning is applicable to the cause before us. Defendants correctly note that the decision to grant or deny section 2—619(a)(3) relief is discretionary. (*People ex rel. Department of Public Aid v. Santos* (1982), 92 Ill. 2d 120, 440 N.E.2d 876.) But the purpose of this section is to avoid duplicative litigation. (*People ex rel. Phillips*

*Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 357 N.E.2d 534.) Our supreme court in *Kellerman* determined that the issues in the pending Federal action have no relevance to the issues of fraud, breach of contract, and violation of Illinois statutes raised in *Kellerman*. Those same issues are raised in this action. Therefore, because no duplicative litigation would be avoided by the dismissal or stay of this action, we find that the circuit court abused its discretion in dismissing this action on that ground.

The judgment of the circuit court is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

PINCHAM and MURRAY, JJ., concur.