THE PEOPLE *ex rel.* DEPARTMENT OF PUBLIC AID, Plaintiff-Appellant, *v.*
LEIDA SANTOS *et al.*, Defendants-Appellees.

First District (4th Division)    No. 80-2209

Opinion filed September 10, 1981.

Tyrone C. Fahner, Attorney General, of Chicago (Ellen P. Brewin, Special Assistant Attorney General, of counsel), for appellant.

Diane Redleaf, Thomas E. Johnson, and James Potter, all of Legal Assistance Foundation, of Chicago, for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

The Illinois Department of Public Aid, plaintiff in this cause, appeals from the trial court's dismissal of its complaint under section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(c)). The trial court based its dismissal on the presumption that section 48(1)(c) mandated an automatic dismissal of the later filed action when two actions are pending on the same facts.

From this dismissal plaintiff appeals, presenting the following issues

for review: (1) whether the State of Illinois and individual State officers and employees are the "same parties" under section 48(1)(c) of the Civil Practice Act; (2) whether the trial court properly granted defendants' motions to dismiss on the grounds that it lacked discretion to do otherwise; (3) whether section 48(1)(c) of the Civil Practice Act grants a defendant an automatic right of dismissal under its provisions, and whether a time priority rule is incorporated therein; and (4) whether due to Illinois' substantial and legitimate interest in the litigation, its inability to bring this action as a counterclaim in the Federal action and valid consideration of the State's sovereign immunity, the trial court should have exercised its discretion and allowed the action to proceed. We affirm.

The litigation between these parties began on September 11, 1979, when Mentalio Taylor, Edna Dodge, and Leida Santos (Federal plaintiffs), all recipients of public assistance, filed a class action lawsuit in the United States District Court for the Northern District of Illinois. Their suit challenges the procedures employed to secure promissory notes from public aid recipients by the collection division of the Illinois Department of Public Aid (IDPA). The promissory notes obligate the recipients to repay alleged overpayments of assistance. The Federal plaintiffs allege that the IDPA has violated and continues to violate various provisions of the Social Security Act, implementing Federal regulations and the United States Constitution, by requiring recipients to execute promissory notes without any notice as to the basis for the IDPA's overpayment claim, without any opportunity to contest the claim, and without regard for the substantive limits Federal law places on the recovery of overpayments from current assistance grants where the recipient is not at fault. In that suit, the Federal plaintiffs are seeking injunctive relief.

On October 4, 1979, the IDPA was served with the Federal complaint. On October 24, 1979, the IDPA sued each of the Federal plaintiffs in the circuit court of Cook County for breach of the promissory notes which are the subject of the Federal proceedings. In each of the complaints the IDPA contended that the respective defendant was a recipient of public assistance and had received excess public assistance. Further, each defendant had agreed to repay the excess assistance and had signed a promissory note to that effect. In return, the IDPA agreed to refrain from filing an action at law to recover the excess assistance. Finally, each defendant had refused to tender payment according to the terms of the agreement.

On December 3, 1979, the IDPA filed a motion for summary judgment in each of the cases. Each defendant objected to the motion and filed a motion to dismiss pursuant to section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(c)) on the basis that each of the

defendants had filed a Federal lawsuit on September 11, 1979, involving the promissory notes at issue herein. Also, defendants claimed that the State court actions on the promissory notes were compulsory counter-claims to the Federal action. On March 14, 1980, the trial court entered an order consolidating all three cases. On June 25, 1980, the trial court granted defendants' motion to dismiss. Plaintiff appeals from that order of dismissal.

The instant controversy involves the construction to be given to section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(c)). It provides, in part, as follows:

"(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affida-vit:

❋ ❋ ❋

(c) That there is another action pending between the same parties for the same cause."

Plaintiff contends that the Federal defendants Jeffrey Miller and Alice Cooperman in Taylor v. Miller, 79 C 3767, are not the same parties as the Department of Public Aid in this forum. Consequently, the requirement of section 48(1)(c) that the "same parties" be involved is not met.

"In statutory construction, it is a rule ❋ ❋ ❋ that where the same, or substantially the same, words or phrases appear in different sections of a statute, they will be given a generally accepted and consistent meaning where legislative intent is not clearly expressed to the contrary. [Citations.] Therefore, a word that appears more than once in a statute is presumed to have been used by the legislature with the same meaning each time, absent an indication that a different meaning was intended. [Citations.] This being so, the word 'same' as it modifies 'parties' in the first part of section 48(1)(c) must be given the same meaning it has when it modifies 'cause.' We conclude that in the section in question, 'same parties' means that in consecutive suits, the litigants are substantially the same, not identical." *Baker v. Salomon* (1975), 31 Ill. App. 3d 278, 281-82, 334 N.E.2d 313, 316.

In *Roeskie v. First National Bank of Lake Forest* (1980), 90 Ill. App. 3d 669, 673, 413 N.E.2d 476, 479, citing *Skolnick v. Martin* (1964), 32 Ill. 2d 55, 59-60, 203 N.E.2d 428, 429, and *Baker*, at 282, the court said:

"Section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(c)) provides as a ground for dismissal 'that there is another action pending between the same parties for the same

cause.' The words 'same cause' and 'same parties' have been construed to mean substantially the same, but not identical. Actions are for the 'same cause' when in both cases the relief requested is on substantially the same set of facts."

■■ With the above meaning in mind, we find that the same parties and the same cause of action are involved in the Federal suit as well as the instant case.

Plaintiff contends the trial court erroneously based its decision to grant the section 48(1)(c) motion on the belief that Illinois law as enunciated in *Gerber v. First National Bank* (1975), 30 Ill. App. 3d 776, 332 N.E.2d 615, mandated an automatic dismissal of the later filed lawsuit. Plaintiff maintains that *A. E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 419 N.E.2d 23, has overruled *Gerber* by holding that both actions having the same parties and the same cause can proceed. We disagree. *Staley* is factually distinguishable from *Gerber*. *Staley* involved breach of contract actions by the same parties regarding a construction contract entered into in Illinois and performed in Iowa. Swift and Company sued Staley Manufacturing Company in an Iowa State court. On the same day, Staley sued Swift in an Illinois State court. Thereafter, Swift filed in the Illinois action a motion to dismiss for *forum non conveniens*. The circuit court denied the motion, finding that both parties' principal offices are in Illinois and that, under the terms of the contract, Illinois law would govern interpretation of the agreement. The appellate court affirmed. Subsequently, Swift filed a second motion to dismiss relying on section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c)) by claiming that the prior filing of the Iowa action required dismissal of the later Illinois action. The circuit court granted the motion to dismiss. On appeal, the appellate court reversed and held that the respective filing time of the actions should be disregarded and that the section 48(1)(c) motion called for the exercise of the court's discretion.

The Illinois Supreme Court granted leave to appeal. The court emphasized that Staley had shown a legitimate and substantial relationship of the litigation to Illinois and that the other action is pending in the courts of a sister State, over which the *Staley* court had no say. Further, the court indicated that the purpose of section 48(1)(c) is to avoid duplicative litigation, and the trial court's analysis should be geared toward effectuating that purpose. Most importantly, the supreme court held that the circuit court possesses some degree of discretion in ruling upon the section 48(1)(c) motion and that multiple actions in different jurisdictions, but arising out of the same operative facts, may be maintained where the circuit court, in a sound exercise of its discretion, determines that both actions should proceed. Therefore, due to Illinois' legitimate and substantial relation to the litigation, the section 48(1)(c)

motion was denied. However, unlike *Staley*, the instant case does not involve multiple jurisdictions.

■■ From the above analysis of *Staley*, we find that the trial court did not err by granting the section 48(1)(c) motion regardless of its particular reasons. We may affirm the judgment of a trial court if it is justified in the law for any reason or ground appearing in the record regardless of whether the particular reasons given by the trial judge, or his specific findings, are correct or sound. *Continental Grain Co. v. FMC Corp.* (1975), 27 Ill. App. 3d 819, 823, 327 N.E.2d 371, 375.

Finally, plaintiff contends that according to *Staley*, dismissal under section 48(1)(c) is not an automatic right and that a time priority rule is not incorporated within the statute. Moreover, due to Illinois' substantial and legitimate interest in the litigation, the trial court should have exercised its discretion by denying the section 48(1)(c) motion.

Plaintiff is correct in his assertion concerning *Staley*. But, the essence of the *Staley* analysis concerns an Iowa action for recovery and indemnity against a third-party guarantor versus an Illinois action for breach of contract; to that extent, *Staley* is limited. The *Staley* court based its denial of the section 48(1)(c) motion on the fact that the litigation had more of a legitimate and substantial relation to Illinois than to Iowa, and that dismissal of Staley's action would force Staley to seek relief by way of a counterclaim in Swift's Iowa action. On that basis, both actions could proceed.

Further, the *Staley* court indicated that the time of filing of an action does not determine whether it will be dismissed under section 48(1)(c). The determinative factor under section 48(1)(c) is whether the "same parties" and the "same cause" are involved. If multiple jurisdictions are involved, then the trial court may apply the *Staley* analysis to ascertain whether Illinois has a legitimate and substantial relation to the litigation.

We hold that the trial court did not err by granting the section 48(1)(c) motion in the instant case.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

ROMITI, P. J., and JIGANTI, J., concur.