GOLDEN RULE INSURANCE COMPANY, Plaintiff-Respondent, v. BRIAN ROBEZA, Adm'r of the Estate of Vivian Robeza, Deceased, Defendant-Petitioner.

Fifth District   No. 5—85—0828

Opinion filed December 8, 1986.

Max L. Tedford, of Cox, Phillips, Weber & Tedford, of Robinson, and S. Eric Ottesen and Robert G. Dyer, both of Dyer, Brewer & Walton, of San Diego, California, for appellant.

Guy E. McGaughey, Jr., of McGaughey & McGaughey, of Lawrenceville, and Joseph J. Hasman, of Peterson, Ross, Schloerb & Seidel, of Chicago, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

We granted defendant, Brian Robeza, leave to appeal to this court pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308) from an order of the circuit court of Lawrence County denying his motion to dismiss or stay an action brought by plaintiff, Golden Rule Insurance Company (Golden Rule). Invoking Rule 308, the trial court certified this question for our consideration: "[W]hether this action should be stayed, dismissed or otherwise disposed of on the ground there is another action pending between the same parties allegedly for the same cause, (suit filed in California 3 days before this suit filed), pursuant to Ill. Rev. Stat. Ch. 110, Sec. 2—619(3)." We affirm the court's denial of defendant's motion.

Brian Robeza is the administrator in Illinois of the estate of Vivian Robeza, his deceased mother. Vivian Robeza, who resided in Illinois, applied to Golden Rule for a health insurance policy on May 1, 1984. She made the application through Randle Scheller, an independent insurance agent who sold policies for Golden Rule. Scheller has his office in Macoupin County, Illinois. A policy was issued to Vivian Robeza stating it was effective May 2, 1984. Shortly after this date, Vivian Robeza became ill. She traveled to San Diego, California, to stay with her daughter, Beverly Probst. When Vivian's condition worsened, she was hospitalized in San Diego County. She was in the hospital from May 18 to May 22, and again from May 29 to July 24. She died in California on August 1, 1984.

Due to her medical treatment in California, family members submitted claims to Golden Rule. The company refused to pay any benefits on the policy, contending that it had never gone into effect. Vivian had failed to answer question No. 13 on the application form, and the company, through its agent Scheller, informed her that she would have to sign an amendment to the policy incorporating her answer to question No. 13 before the policy would take effect. The company insisted that Vivian execute this amendment in the presence of agent Scheller. On July 3, 1984, Golden Rule notified Vivian that her file was being "closed" because she had not returned to Illinois to sign the policy amendment.

On November 2, 1984, the family of Vivian Robeza filed an action in San Diego County, California, against Golden Rule, alleging a tortious breach of the insurance contract, including breach of good faith and fair dealing, breach of fiduciary duties, breach of statutory duties under California law, and fraud. The action was later amended and listed as plaintiffs Beverly Probst, individually and as administrator of her mother's estate in California, and Brian Robeza, individually. In addition to the allegations in the original complaint, Brian and Beverly added counts for negligent and intentional infliction of emotional distress. The record shows Golden Rule was served with the initial suit on November 7, 1984.

On November 5, 1984, Golden Rule filed a complaint in the circuit court of Lawrence County, Illinois. This complaint, requesting declaratory relief, named as defendant Brian Robeza, in his capacity as administrator of the estate of Vivian Robeza. Golden Rule requested that the court make one of the following findings: (1) that insurance coverage for Vivian Robeza had never gone into effect, (2) that the medical expenses incurred were not covered under the policy because they arose from a preexisting condition, or (3) that the insurance contract should be rescinded due to misrepresentations by the applicant.

On December 5, 1984, Brian Robeza filed a motion in the circuit court of Lawrence County asking the court (1) to dismiss or stay the Illinois action pursuant to section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3)), or (2) to dismiss the Illinois action under the doctrine of *forum non conveniens*. The court denied the motion in its entirety. Subsequently, the question of the propriety of the court's ruling on the section 2—619(a)(3) motion was certified under Rule 308, and we granted Brian Robeza leave to appeal.

■ Section 2—619(a)(3) provides that a motion for dismissal "or for other appropriate relief" may be made where "there is another

action pending between the same parties for the same cause." (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3).) The purpose of the statute is to avoid duplicative litigation. (*A. E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 252, 419 N.E.2d 23, 27.) Nevertheless, even when the "same cause" and "same parties" requirements are met, this section does not mandate automatic reversal. Rather, the decision to grant or deny the motion is discretionary with the trial court. (*Kellerman v. MCI Telecommunications Corp.* (1986), 112 Ill. 2d 428, 447, 493 N.E.2d 1045, 1053.) The court below denied the motion without comment. Therefore, we assume, in the absence of any evidence to the contrary, that the court was aware of its discretion in ruling on the motion. See *Cummings v. Iron Hustler Corp.* (1983), 118 Ill. App. 3d 327, 332, 454 N.E.2d 1078, 1082.

Because a court can deny defendant's motion even if the "same parties" and "same cause" requirements are met, we only briefly discuss these elements. The "same cause" element is satisfied when both causes are based substantially on the same underlying facts or issues. (*Palatine National Bank v. Guardian Tampa Limited Partnership* (1985), 131 Ill. App. 3d 441, 444, 475 N.E.2d 1045, 1047.) The "same parties" element is satisfied when the litigants are substantially the same, and the parties need not be identical. *Catalano v. Aetna Casualty & Surety Co.* (1982), 105 Ill. App. 3d 195, 197, 434 N.E.2d 31, 33.

Both elements are satisfied here. The two causes are based upon the same health insurance policy, with the critical issue being Golden Rule's liability under that policy. The parties, while not identical, are substantially the same in the two suits. The interests of all the parties in both suits are based upon the insurance policy or actions taken with respect to it. Thus, these actions were between the same parties for the same cause.

Although these preliminary requirements are satisfied, dismissal of the Illinois action was not required. In holding that the trial court has discretion in ruling on a section 2—619(a)(3) motion, the *Staley* court stated:

> "[W]e do not believe that the legislature intended that the filing of a section 48(1)(c) [now section 2—619(a)(3)] motion should result in an automatic dismissal or that two separate actions concerning the same subject matter could never proceed simultaneously. The more reasonable construction is that the circuit court possesses some degree of discretion in ruling upon the motion and that multiple actions in different jurisdictions, but arising out of the same operative facts, may be maintained

where the circuit court, in a sound exercise of its discretion, determines that both actions should proceed ***." *A. E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 252-53, 419 N.E.2d 23, 27.

■ The supreme court in *Staley* determined that an Illinois action should be allowed to proceed simultaneously with an action in Iowa, relying heavily on the conclusion that the litigation had a legitimate and substantial relation to Illinois. (84 Ill. 2d 245, 253, 419 N.E.2d 23, 27.) The same conclusion is required here. Vivian Robeza resided in Illinois. She applied for an insurance policy through an agent whose office is in Illinois and applied to an Illinois corporation whose headquarters is in Illinois. Her son, the administrator of her estate in Illinois, is an Illinois resident. Her medical condition while she lived in Illinois will be a crucial issue in the case. The court in *Staley* also relied on the fact that the other pending action in that case was in the courts of another State, "over which this court has no say" (84 Ill. 2d 245, 255, 419 N.E.2d 23, 28), distinguishing such a case from one where both actions are filed in Illinois and indicating less reluctance to allowing two similar actions to proceed when one of them is pending in another State. Because the other action here is pending in another State, and because the litigation has a legitimate and substantial relation to Illinois, we find no abuse of discretion in the court's decision to allow the Illinois action to proceed.

Defendant cites to various factors which he argues require dismissal of the Illinois action. First, he claims reversal was required because the Illinois action was filed by Golden Rule three days after the California action was filed. However, the supreme court in *Staley* held that the fact that one suit was filed prior to the other is not determinative in considering a section 2—619(a)(3) motion. (*A. E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 252, 419 N.E.2d 23, 26-27.) Defendant further argues that the fact Golden Rule filed its suit three days after the filing of the California action is evidence of harassment on the part of Golden Rule, and that under *Staley*, the prevention of harassment is a factor to be considered under a section 2—619(a)(3) motion. (See 84 Ill. 2d 245, 254, 419 N.E.2d 23, 27-28.) However, the record indicates that while the California action was filed on November 2, 1984, Golden Rule was not served with notice of that suit until November 7, 1984, two days after it had filed the Illinois action. Defendant also points to documents in the record which indicate Golden Rule has filed 52 declaratory actions in Lawrence County in the last three years, 51 of them against individuals who reside outside Lawrence County. These facts do not require dismissal of

the Illinois action. Golden Rule, with its home office in Lawrence County, was free to choose that forum in actions involving policyholders or applicants. Furthermore, the record indicates that all but one of these 52 defendants were from Illinois. We believe the trial court was free to give little or no weight to defendant's argument that the record indicated harassment on the part of Golden Rule.

The issue here is not whether we would have dismissed or stayed the Illinois action, but rather whether the trial court abused its discretion in refusing to do so. We find the trial court did not abuse its discretion.

Defendant also argues the court erred in denying his *forum non conveniens* motion. We note that section 2—619(a)(3) and the doctrine of *forum non conveniens* are interrelated procedural devices which should be invoked together when another action is pending and the defendant feels that one forum is inconvenient. (*A. E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 251, 419 N.E.2d 23, 26.) For this reason, we will briefly address defendant's argument.

A *forum non conveniens* motion should be granted only when the factors to be considered under such a motion strongly favor the defendant. (*Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 233, 478 N.E.2d 370, 374.) We have already found that this litigation has a legitimate and substantial relation to Illinois. While admittedly the case has contacts with California, we cannot say the factors strongly favor defendant, and we find no abuse of discretion in the court's denial of the *forum non conveniens* motions.

For the foregoing reasons, the order of the circuit court of Lawrence County denying defendant's motion to dismiss or stay is affirmed and the cause remanded for further proceedings consistent with this opinion.

Affirmed and remanded.

KARNS, P.J., and KASSERMAN, J., concur.