NATURAL GAS PIPELINE COMPANY OF AMERICA, Plaintiff-Appellant and Cross-Appellee, v. PHILLIPS PETROLEUM COMPANY, Defendant-Appellee and Cross-Appellant.

First District (3rd Division) No. 87—1531

Opinion filed October 28, 1987.

Michael M. Conway, William J. McKenna, Jr., Karen P. Flynn, John F. Zabriskie, and Raymond F. Simon, all of Chicago (Joseph M. Wells, Paul E. Goldstein, Jerome Mrowca, and Barbara A. Gustafson, of counsel), for appellant.

Emily Nicklin, John Donley, and Susan P. Jordan, all of Chicago, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff Natural Gas Pipeline Company of America brought suit in the circuit court of Cook County to obtain declaratory, injunctive and monetary relief with respect to: (1) its obligations under various

contracts with defendant Phillips Petroleum Company to "take or pay" for natural gas supplied it by defendant; (2) the price of certain volumes of gas previously purchased from defendant under other contracts; (3) overpayments to defendant for gas purchased under another contract. Defendant filed a motion to dismiss pursuant to section 2—619(a)(3) of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) or, alternatively, on grounds of *forum non conveniens*. The trial court denied the motion based on the latter grounds but granted it pursuant to section 2—619(a)(3). From that ruling, plaintiff appeals and defendant cross-appeals.

Plaintiff, a Delaware corporation with its principal place of business in Illinois, is an interstate natural gas supplier to such Illinois utilities as People's Gas, Light and Coke Company. Defendant, a Delaware corporation with its principal place of business in Oklahoma, is a producer/supplier of natural gas which does business and has a registered agent in Illinois. The subject of plaintiff's suit is a series of 11 gas purchase contracts with defendant. Plaintiff filed its suit on April 21, 1987, at 11 a.m. The same day at 9:01 a.m., defendant had filed suit in Louisiana seeking to enjoin plaintiff from continuing breaches of 31 gas purchase contracts between the parties, including the 11 at issue here, and specific performance of plaintiff's obligations under those contracts. At the time of oral argument in this appeal, defendant filed a supplemental affidavit of one of its Louisiana counsel attesting that its "ratable take" claims have been deleted from the Louisiana litigation but that all 11 contracts involved here remain in issue there. Defendant's amended Louisiana petition, an exhibit to the supplemental affidavit, reveals that there are presently 21 contracts between the parties in issue in Louisiana.

Ten of the gas purchase contracts at issue here concern natural gas defendant produces from wells in the Gulf of Mexico, six off-shore Texas and four off-shore Louisiana. The eleventh contract concerns gas produced from a well in New Mexico. Plaintiff executed all 11 contracts in Texas. Defendant's predecessors executed 10 of them in Texas and the eleventh in Oklahoma. Defendant delivers the off-shore gas to plaintiff and other purchasers through a meter at each of its production platforms and into a single pipeline connection. The purchasers' agent, High Island Offshore Systems, monitors the gas as it flows through the meters and delivers it to the various purchasers. Defendant keeps records relating to communications with plaintiff and plaintiff's agent at defendant's Lafayette, Louisiana, office. Defendant maintains its records relating to gas production under the contracts there and in Houston, Texas. Plaintiff takes delivery of the

gas produced in New Mexico in that State.

Upon delivery of the gas, plaintiff transports it through a pipeline system terminating in Illinois. The contracts at issue require defendant to report the total volume of gas produced during particular periods in monthly allocation statements sent to plaintiff's headquarters in Lombard, Illinois. After processing the statements, plaintiff pays defendant by checks prepared in Illinois, drawn on Illinois banks, and delivered to a Chicago address. Plaintiff also sends notices required under the contracts to defendant in either Oklahoma or Texas and receives some notices in Houston.

On appeal, plaintiff contends the trial court abused its discretion in dismissing its complaint under section 2—619(a)(3) after having denied defendant's motion on *forum non conveniens* grounds. Section 2—619(a)(3) provides for dismissal of an action or "other appropriate relief" where "there is another action pending between the same parties for the same cause." (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3).) Plaintiff contends the trial court misapplied the standards governing defendant's section 2—619(a)(3) motion as articulated in *A. E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 419 N.E.2d 23.

Defendant cross-appeals the denial of its motion to dismiss on *forum non conveniens* grounds. Its counsel stated at oral argument, however, that it intended thereby merely to preclude a reversal of the section 2—619(a)(3) dismissal on the ground that it did not challenge the *forum non conveniens* ruling. As such and because our decision with respect to plaintiff's appeal is dispositive, we will not address the merits of the cross-appeal. However, because motions to dismiss brought on alternative grounds of *forum non conveniens* and section 2—619(a)(3) are interrelated (84 Ill. 2d 245, 251, 419 N.E.2d 23), we will examine the legal and factual bases of the trial court's ruling on the former grounds.

OPINION

■ The doctrine of *forum non conveniens* is founded on considerations of fundamental fairness and sensible and effective judicial administration; in applying these considerations, a trial court may decline jurisdiction of a case when it appears there is another forum that can better serve the convenience of the parties and the ends of justice. (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514, 301 N.E.2d 729, *cert. denied* (1976), 424 U.S. 943, 47 L. Ed. 2d 349, 96 S. Ct. 1411; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 365, 456 N.E.2d 98.) Under the doctrine, it is

assumed there is more than one forum in which jurisdiction over the parties and subject matter may be obtained. *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 371, 444 N.E.2d 157.

 Specific private interest factors weighing on a *forum non conveniens* determination include: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) possibility of view of premises if appropriate to the action; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; and (5) any questions as to the enforceability of any judgment obtained. Moreover, a court is to weigh the relative advantages and obstacles to a fair trial but, unless the balance is strongly in favor of the defendant, a plaintiff's choice of forum should rarely be disturbed. (See *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 372-73, 444 N.E.2d 157.) Specific public interest factors include: (1) the concentration of litigation in congested centers instead of being handled at its origin; (2) the imposition of jury duty on a community with no relation to the litigation; (3) the local interest in having localized controversies decided at home; (4) the desirability of having the trial in a forum familiar with the State law which governs the case rather than having a court in another forum deal with problems in conflict of laws and in foreign law. (*Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 444 N.E.2d 157.) Finally, we note that when a plaintiff has chosen his home forum in which to bring suit it is reasonable to assume that choice is convenient and it is entitled to greater deference than when a foreign forum is chosen. *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 70 L. Ed. 2d 419, 102 S. Ct. 252; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 367, 456 N.E.2d 98.

The record reveals the trial court was well aware of these considerations and applied them to the facts of the case in denying defendant's *forum non conveniens* motion. We note initially that in rendering its oral ruling, the trial court stated:

> "When the court indicated that if this were a pure forum non-conveniens motion I would probably deny the same, I don't know if I mentioned or not that that would pre-suppose that there is more than one forum available and I don't think there would be a factor establishing what forum is more convenient towards the other. It is just that Illinois would not be a convenient forum and it should be somewhere at least, for the other

available forums, at least in Oklahoma, Texas, Louisiana, New Mexico, at least. And I just felt that taking all the traditional elements of forum non-conveniens, the Court would deny that motion if that were the only ground."

■ The court then listed the considerations bearing on its determination, finding that: (1) the ease of access to proof slightly favored defendant "concerning the engineering aspects of the proof"; (2) the availability and costs of obtaining the attendance of other witnesses favored plaintiff; (3) the locus of the dispute favored defendant; (4) the other practical problems concerning "the easiness or expeditious handling and the expense involved" favored defendant; (5) the risk of inconsistent decisions, and collateral estoppel and conflicts of law problems favored defendant; (6) the administrative difficulties related to trying the case in a court with a congested docket favored plaintiff since the trial court did not have "a backlog of trials"; (7) imposition of jury duty on Illinois citizens favored plaintiff because they were the ultimate consumers of the gas involved; (8) the local interest in having local controversies decided at home favored defendant. The court also found that the possible need to apply an unpublished body of Louisiana law to the case was not a factor and that the "[d]ifficulty in providing information to the interested person's case" was not a factor because of the nature of the litigation. The trial court's examination of the factors bearing on the *forum non conveniens* determination reveals their proper application to the facts of this case.

■ Next, we consider whether the trial court abused its discretion in dismissing plaintiff's complaint under section 2—619(a)(3). In so deciding, we may affirm the dismissal order if it is justified in the law for any reason or ground appearing in the record regardless of whether the particular reasons given by the trial court, or its specific findings, are correct or sound. (See *Continental Grain Co. v. FMC Corp.* (1975), 27 Ill. App. 3d 819, 823, 327 N.E.2d 371; *People ex. rel. Department of Public Aid v. Santos* (1981), 100 Ill. App. 3d 237, 241, 426 N.E.2d 1004, *rev'd on other grounds* (1982), 92 Ill. 2d 120, 440 N.E.2d 876.) In granting the motion under section 2—619(a)(3), the court first noted that if defendant's motion were a pure *forum non conveniens* motion it would probably deny it. It then stated:

"But some of the factors concerning the substantial relationship and the practical problems and the inconsistent *** verdicts are present as additional considerations in the 2—619 setting. That would be sufficient in my opinion to allow the motion.
*** *

> So when some of the factors in connection with the forum non-conveniens [*sic*] are considered, and the additional factors of the inconsistent verdict and some of the practical ramifications of two suits pending at the same time, the decision falls in favor of the movant \* \* \*."

The court later added:

> "The determination under 619, \* \* \*, once again pre-supposes that the two cases could proceed simultaneously. There should only be one case of this nature, and I don't have control over, \* \* \*, making this a one case controversy, except by dismissing this one. But that, of course, is not the sole consideration. \* \* \*.

> \* \* \*

> It should be clear that the 2—619 motion considered the relevant Section 2—619, but also the factors pursuant to forum non-conveniens [*sic*] as well. That's the only way you could reach that particular problem and exercise the discretion that is allowed in the two cases."

We believe *A. E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 419 N.E.2d 23, is dispositive of plaintiff's appeal. *Staley* involved two Delaware corporations with their principal places of business in Illinois which sued one another in Iowa and Illinois on the same day. The Iowa suit of the Illinois defendant, Swift & Company (Swift), sought recovery of funds which the Illinois plaintiff, A. E. Staley Manufacturing Company (Staley), retained to secure Swift's construction of a soybean-processing plant. Staley's Illinois suit sought damages for Swift's failure to complete construction of the plant. Swift filed a motion to, *inter alia*, dismiss on grounds of *forum non conveniens* in the Illinois action, the denial of which the appellate court had earlier affirmed on the grounds that: both parties had their principal offices in Illinois; under the terms of their contract, Illinois law would govern its interpretation; most of the principals were Illinois residents; most of the discoverable paper work was in Iowa or Illinois; and the economic impact of the litigation would be greater on Illinois. 84 Ill. 2d 245, 248-49, 419 N.E.2d 23.

Thereafter, Swift filed a second motion to dismiss under section 48(1)(c) (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c)), the former designation of section 2—619(a)(3), which the trial court concluded it was required to grant because Swift had filed its Iowa action before Staley filed its Illinois action. Reviewing the appellate court's reversal of that ruling, our supreme court reasoned that, contrary to the trial court's conclusion, a trial court has some degree of discretion in ruling upon a section 48(1)(c) motion and in the sound exercise of that

discretion could determine that separate actions in different jurisdictions arising out of the same operative facts should proceed simultaneously. Then, undertaking the exercise of discretion which the trial court failed to undertake, the supreme court held that section 48(1)(c) did not bar Staley's Illinois action. 84 Ill. 2d 245, 253, 419 N.E.2d 23.

We believe plaintiff misconstrues *Staley* as requiring a trial court to automatically deny a section 2—619(a)(3) dismissal where it has denied a dismissal on *forum non conveniens* grounds. Such a result would be as much of an abdication of the trial court's discretion in deciding a motion to dismiss under section 2—619(a)(3) as was the automatic grant of such a motion in *Staley*. Rather, we believe that in providing for the exercise of discretion in deciding a motion to dismiss under section 2—619(a)(3) after denial of the same motion on *forum non conveniens* grounds, *Staley* envisioned the possibility of inconsistent results. Moreover, we do not read *Staley* as limiting a trial court's exercise of discretion in ruling on such a motion or as conclusively establishing the factors bearing on that exercise.

Plaintiff argues that, under *Staley*, a trial court must apply the same factors in deciding both motions, *i.e.*, that it must employ a *forum non conveniens* analysis in determining whether to grant a section 2—619(a)(3) dismissal where it has previously denied a *forum non conveniens* dismissal. We disagree. The supreme court did conclude that section 48(1)(c) and *forum non conveniens* are "interrelated procedural devices which *** should be used together when another action is pending and defendant feels that one forum is inconvenient." However, it also conceded, *inter alia*, that *forum non conveniens* does not encompass all the factors relevant to a dismissal or other appropriate relief under section 48(1)(c). (84 Ill. 2d 245, 251, 419 N.E.2d 23.) It is reasonable to conclude from these observations that these grounds for dismissal are substantively, as well as procedurally, "interrelated." However, it is also more than reasonable to conclude from them that the resolutions of these alternative grounds are, nevertheless, not identical. As such, we believe the trial court could properly consider, as it did, factors other than *forum on conveniens* factors in ruling on the section 2—619(a)(3) motion.

Plaintiff also argues that *Staley* requires the denial of the 2—619(a)(3) motion where, as here: (1) a *forum non conveniens* analysis reveals a legitimate and substantial relation between the litigation and the Illinois forum such that a separate *forum non conveniens* motion would be denied; and (2) a defendant fails to present additional grounds showing the inappropriateness of an Illinois forum. We disagree.

After holding that section 48(1)(c) did not bar the Illinois action, the supreme court observed: "In successfully defending Swift's prior motion to dismiss on the basis of *forum non conveniens*, Staley has demonstrated that this litigation has a legitimate and substantial relation to Illinois, and Swift has presented no additional grounds from which we could conclude that Staley's action cannot be maintained in" Illinois. (84 Ill. 2d 245, 253, 419 N.E.2d 23.) We believe the supreme court relied, as a matter of discretion, on Swift's failure to present any "additional grounds" for a section 2—619(a)(3) dismissal in view of the "legitimate and substantial relation" between the litigation and Illinois which Staley established in defeating Swift's *forum non conveniens* motion. (See *People ex rel. Department of Public Aid v. Santos* (1982), 92 Ill. 2d 120, 126, 440 N.E.2d 876.) We do not read this language to mean that whenever a trial court denies a *forum non conveniens* motion a plaintiff has, *ipso facto*, shown a "legitimate and substantial" relation between the litigation and the Illinois forum requiring a denial of a section 2—619(a)(3) dismissal unless the defendant presents additional grounds justifying that relief.

Rather, we believe that in exercising the wide discretion *Staley* recognized a trial court possesses in this context (Ill. Ann. Stat., ch. 110, par. 2—619, Historical and Practice Notes, at 663 (Smith-Hurd 1983)), it may decide that, notwithstanding a plaintiff's defeat of a *forum non conveniens* motion, the relationship between litigation and an Illinois forum is not so substantial that it supersedes the purpose of section 2—619(a)(3) "to avoid duplicative litigation." We note that "the trial court's analysis should be geared toward effectuating that purpose." (*A. E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 252, 419 N.E.2d 23.) Moreover, that, "notwithstanding this policy," the legislature did not intend that section 2—619(a)(3) "should result in *automatic* dismissal or that two separate actions concerning the same subject matter could *never* proceed simultaneously" (emphasis added) (84 Ill. 2d 245, 252, 419 N.E.2d 23), does not, in our opinion, vitiate a dismissal resulting from a proper exercise of that discretion.

■ The relation between the litigation and Illinois in the instant case did not rise to the level of the relation between the two in *Staley*. Moreover, although the trial court here denied the *forum non conveniens* motion, it also found that several of the factors relevant to that motion favored defendant. As such, we do not believe that the relation here between the litigation and the forum was so substantial that it superseded the purpose of section 2—619(a)(3) "to avoid duplicative litigation." (84 Ill. 2d 245, 252, 419 N.E.2d 23.) Therefore, the

trial court's reliance on the "practical ramifications of two suits pending at the same time" in granting defendant's motion to dismiss under section 2—619(a)(3) was not an abuse of discretion and defendant's failure to present "additional grounds" justifying that relief did not require that the trial court deny the motion.

That *Staley* did not elaborate on the "additional grounds" which a defendant must allegedly show to justify a section 2—619(a)(3) dismissal evidences that it did not limit the exercise of the trial court's discretion in this context. Specifically, we disagree with plaintiff that *Staley* described the existence of a compulsory counterclaim rule in the foreign forum and an intent by the Illinois plaintiff to harass or gain an undue influence over the Illinois defendant as such "additional grounds." Rather, the absence of those factors was an additional circumstance which the court, in its discretion, believed militated against a dismissal or stay under section 48(1)(c).

With respect to the first factor, the court stated:

> "*Also of importance* to \*\*\* our analysis is that dismissal of Staley's action would force it to seek the relief it desires by way of counterclaim in Swift's Iowa action. It is not clear that such a course is required under Iowa procedural rules \*\*\* yet a ruling here against Staley would create such a rule *de facto* \*\*\*." (Emphasis added.) (84 Ill. 2d 245, 253, 419 N.E.2d 23.)

The balance of the court's discussion on this point makes clear that it was reluctant to require Staley to pursue a counterclaim in Iowa because it concluded that the Illinois action encompassed the broader and largely dispositive litigation between the parties. (84 Ill. 2d 245, 253-54, 419 N.E.2d 23.) Here, in contrast, we believe that defendant's Louisiana suit encompasses the broader litigation between the parties inasmuch as 21 contracts between them remain at issue there and that it is, therefore, the more dispositive litigation between them. As such, *Staley* did not require denial of a section 2—619(a)(3) dismissal even assuming, as plaintiff asserts, that there is no compulsory counterclaim rule in Louisiana.

■ The court discussed the second factor in relation to the propriety of a stay as an alternative to dismissal. It stated, *inter alia*:

> "We do not believe that a resident corporation's right to its day in court should await resolution of sister-State litigation where, as here, plaintiff's filing of its complaint does not evidence an intent to harass or gain undue influence over defendant *and where, as here, the possibility of completely resolving this controversy in Illinois is greater* [citation]." (Emphasis added.) (84 Ill. 2d 245, 254, 419 N.E.2d 23.)

Thus, while it is reasonable to conclude that the absence of an intent to harass on the Illinois plaintiff's part may also be important to the propriety of a dismissal under section 2—619(a)(3), it is clear that the court also relied on the greater "possibility of completely resolving" the controversy in Illinois in denying a stay. The court evidently based this observation on its earlier conclusion that the Illinois action encompassed the broader and largely dispositive litigation between the parties. In contrast, because the Louisiana action encompasses the broader litigation between the instant parties, we cannot say that the possibility of completely resolving the controversy between them is greater in Illinois than in Louisiana. As such, the mere fact that, as plaintiff asserts, it did not intend to harass or gain an undue influence over defendant did not require denial of a section 2—619(a)(3) dismissal.

■■■ Next, we consider the distinction the *Staley* court drew between actions pending in different Illinois counties, involving a concern "for the orderly administration of justice within the same jurisdiction," and the situation it faced where there was a legitimate and substantial relation between the litigation and Illinois and another action was pending in a foreign forum. (84 Ill. 2d 245, 254-55, 419 N.E.2d 23.) Plaintiff argues this distinction reveals the legislature's intent, in enacting section 2—619(a)(3), that the trial court's concerns here, *i.e.*, an "unseemly *** foot race to the courthouse" and the possibility of inconsistent verdicts, be tolerated when actions are pending in different State fora. We agree with plaintiff in principle. However, we disagree with its application of that principle here. That is, we acknowledge that those concerns are not applicable where a court concludes, as we believe the *Staley* court did, in the exercise of its discretion that, in defeating an earlier motion asserting the convenience of a foreign forum, a plaintiff has shown a substantial and legitimate relation between litigation and an Illinois forum. However, we cannot say they are not applicable where, despite the defeat of such a motion, the relationship between the litigation and the forum is not so substantial that it supersedes the purpose of section 2—619 to avoid duplicative litigation.

Finally, we do not believe the cases which have applied *Staley* require a contrary conclusion. Plaintiff cites these cases principally because, like *Staley*, they held that a dismissal was not required on either *forum non conveniens* or section 2—619(a)(3) grounds. *Golden Rule Insurance Co. v. Robeza* (1986), 151 Ill. App. 3d 801, 502 N.E.2d 1070, affirmed the denial of a section 2—619(a)(3) motion on the appellate court's independent determination that the litigation had a le-

gitimate and substantial relation to the Illinois forum. (151 Ill. App. 3d 801, 805, 502 N.E.2d 1070.) Interestingly, the court did not base that finding, as plaintiff contends the trial court here should have, on the mere denial of the *forum non conveniens* motion; rather, it affirmed the denial of that motion based on its determination that there was a legitimate and substantial relation between the litigation and the Illinois forum. (151 Ill. App. 3d 801, 806, 502 N.E.2d 1070.) *Lyons Savings & Loan Association v. Geode Inc.* (N.D. Ill. 1986), 626 F. Supp. 1141, 1144, based its rejection of the defendant's section 2—619(a)(3) argument for dismissal on the conclusion that there was a legitimate and substantial relation between the litigation and the forum. And, like *Golden Rule*, it did not base that finding merely on the conclusion that defendant's *forum non conveniens* argument was meritless. *W. R. Grace & Co. v. Beker Industries, Inc.* (1984), 128 Ill. App. 3d 215, 470 N.E.2d 577, reversed a dismissal per *forum non conveniens* and affirmed the denial of a section 2—619(a)(3) dismissal because the litigation was a continuation of a prior Illinois suit between the parties. None of these cases addressed *Staley's* effect on a trial court's discretion in deciding motions to dismiss on alternative grounds of *forum non conveniens* and section 2—619(a)(3). That they are in accord with *Staley's* result is thus of little assistance in the disposition of this appeal.

For all of the foregoing reasons, the order granting defendant's motion to dismiss on grounds of section 2—619(a)(3) of the Civil Practice Law is affirmed.

Affirmed.

McNAMARA, P.J., and WHITE, J., concur.