IQBAL AKHTER *et al.*, Plaintiffs-Appellants, v. SIRISH SHAH, Defendant-Appellee.

First District (1st Division) No. 1—89—0333

Opinion filed October 29, 1990.

Wildman, Harrold, Allen & Dixon, of Chicago (Douglas R. Carlson, of counsel), for appellants.

Regas, Frezados & Harp, of Chicago (Peter G. Frezados, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

In this appeal, plaintiffs Iqbal Akhter, M.D., and I. Akhter, M.D., S.C., claim the trial court erred in dismissing two counts of a complaint which sought damages for the alleged violation of a noncompetition covenant in defendant Sirish Shah's employment contract. For the reasons that follow, we affirm.

The instant appeal is related to this court's prior decision in *Akhter v. Shah* (1983), 119 Ill. App. 3d 131, 456 N.E.2d 232 (*Akhter I*), and the background of the case is discussed in detail therein. The court in *Akhter I* affirmed the denial of a preliminary injunction based on the noncompetition covenant at issue here, holding the covenant unenforceable because it neither clearly identified the hospitals to which it applied nor limited its duration.

On remand, plaintiffs filed a second amended complaint, which was later withdrawn so that a third amended complaint could be substituted. All three counts of the third amended complaint limit their request for relief to damages. The first two counts are based upon the alleged breach of the covenant not to compete.

Defendant moved to strike and dismiss these two counts, arguing that the covenant had already been held unenforceable. In response, plaintiffs filed an affidavit stating that the covenant was understood by the parties at the time of signing as barring defendant from prac-

ticing at Northwest Hospital upon leaving the corporation. The trial court granted the motion to dismiss on January 5, 1989.

On appeal, plaintiffs contend that the trial court erred in dismissing counts I and II of their third amended complaint, denying them due process of law. Plaintiffs argue that the affidavit submitted to the trial court in response to the motion to dismiss demonstrates that the ambiguity in the geographic scope of the covenant not to compete can be cured through the introduction of parol evidence at trial. Therefore, plaintiffs conclude, even if the covenant is unenforceable for the purpose of obtaining a preliminary injunction, it could be enforced for monetary relief after a trial on the merits.

■■ This court may affirm the trial court's dismissal of counts I and II "if it is justified in the law for any reason appearing in the record." *Natural Gas Pipeline Co. of America v. Phillips Petroleum Co.* (1987), 163 Ill. App. 3d 136, 142, 516 N.E.2d 527, 531.

■■ Plaintiffs argue that the trial court erred in dismissing counts I and II because it relied solely on the record before this court in *Akhter I*, citing *Cummings-Landau Laundry Machinery Co. v. Koplin* (1944), 386 Ill. 368, 373-78, 54 N.E.2d 462, 465-66. In that case, our supreme court stated:

> "The decision of the issues by the Appellate Court, on the record before it, will not preclude the trial court from deciding the same issues on the record made in the hearing on the merits, no matter how they may have been decided by the Appellate Court on the record before it. The fears of plaintiff in error *** are not necessarily well founded. Of course, if the question of the validity of the contract should be presented *** solely upon the record which was before the Appellate Court, it will be its duty to follow the decision of that court." *Cummings-Landau Laundry Machinery Co.*, 386 Ill. at 377, 54 N.E.2d at 466.

■■ Here, plaintiffs submitted an affidavit asserting the intent of the parties at the time they signed the document to limit the scope of the agreement to Northwest Hospital. Yet plaintiffs testified to the same effect at the hearing on the preliminary injunction. Plaintiffs then explicitly raised the argument in their motion to reconsider. Indeed, plaintiffs have previously urged the very same point before this court. *Akhter*, 119 Ill. App. 3d at 134, 456 N.E.2d at 235 ("In any event, plaintiff now argues he is only seeking an injunction to prevent defendant from practicing at one hospital—Northwest").

In short, the affidavit, assuming it was admissible, added nothing to the record. Therefore, the trial court in no way denied plaintiffs their day in court or due process of law.

To the contrary, the trial court was bound to follow the appellate decision, as is this court, under the law of the case doctrine. (*E.g.*, *Lubbers v. Norfolk & Western Ry. Co.* (1986), 147 Ill. App. 3d 501, 498 N.E.2d 357, *appeal denied* (1987), 113 Ill. 2d 576, 505 N.E.2d 354.) In this case, the noncompetition covenant has been held by this court to be unenforceable as a matter of law. Because the affidavit did not substantially affect the record or the law of the case, *Akhter I* remains binding on this court.

Consequently, based on the record presented, the trial court did not err in dismissing counts I and II of plaintiffs' complaint.

We also note that count III remains pending in the trial court and is in no way involved in this appeal.

For the aforementioned reasons, the decision of the trial court is affirmed and the case is remanded for further proceedings on count III of the third amended complaint.

Judgment affirmed and remanded.

O'CONNOR and MANNING, JJ., concur.