GEORGE M. McDOWELL, Plaintiff-Respondent, v. MARATHON OIL COMPANY *et al.*, Defendants-Petitioners.

Fifth District   No. 5—86—0374

Opinion filed February 3, 1987.

John P. Ewart and Kenneth F. Werts, both of Craig & Craig, of Mattoon, for appellants.

William W. Schooley and William W. Schooley III, both of Law Offices of William W. Schooley, of Granite City, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, George M. McDowell, filed an action in the circuit court of Madison County to recover damages for personal injuries he sustained while working as a pipe fitter on a construction project. The project involved building additions to a refinery owned and operated by defendant Marathon Oil Company. Defendant Steve Bandy was the safety coordinator of the refinery and acted as safety coordinator for the project. Plaintiff's complaint alleges that defendants failed to provide him with a reasonably safe place to work and did not exercise ordinary care for his safety, as a result of which he was struck across the neck and back by a large "impact wrench" which fell from its tripod stand. Defendants filed no answer to plaintiff's allegations, but instead moved for transfer of the action to Crawford County on grounds of *forum non conveniens*. By order dated May 9, 1986, the circuit court ruled: "Cause to be transferred to forum of Plaintiff's choice ***. Motion to transfer to Crawford County denied." This court then granted defendant's petition for leave to appeal pursuant to Supreme Court Rule 306(a)(1)(ii) (103 Ill. 2d. R. 306(a)(1)(ii)). We now reverse and remand with instructions.

Relying on common law principles, our supreme court has

held that the doctrine of *forum non conveniens* applies intrastate. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601; *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 497 N.E.2d 745.) Under this holding, trial courts may dismiss or transfer an action when a more appropriate forum within the State of Illinois is indicated. (See 113 Ill. 2d 112, 119, 497 N.E.2d 745, 748; *Boston v. Rockford Memorial Hospital* (1986), 140 Ill. App. 3d 969, 973, 489 N.E.2d 429, 432.) In ruling on motions to dismiss or transfer an action based on intrastate *forum non conveniens*, a trial court must consider the following factors: the availability of an alternative forum, the accessibility of witnesses, the access to sources of proof, the relative advantages and obstacles to obtaining a fair trial, the congestion of the court dockets and the convenience of the parties. *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 119, 497 N.E.2d 745, 748.

A plaintiff should be allowed to exercise his discretion in deciding in what forum to bring the case when venue is proper unless these factors strongly favor the defendant. (113 Ill. 2d 112, 119, 497 N.E.2d 745, 748.) Each case, however, must be considered as unique on its facts. (*Darnell v. Ralph Korte Equipment Co.* (1986), 144 Ill. App. 3d 564, 566, 494 N.E.2d 1206, 1207.) When a *forum non conveniens* motion should be granted or denied rests with the sound discretion of the trial court. (144 Ill. App. 3d 564, 566, 494 N.E.2d 1206, 1207.) In reviewing the trial court's decision, we are not concerned with whether the court exercised its discretion wisely, but only with whether its discretion has been abused. (*Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 503-04, 490 N.E.2d 694, 699.) Accordingly, the trial court's decision will be set aside "only if it is shown that the court abused its discretion in weighing the relevant considerations." (*Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 118, 497 N.E.2d 745, 747.) We believe that such an abuse is present here.

The present record is devoid of evidence which would support plaintiff's choice of Madison County under the factors set forth in *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 119, 497 N.E.2d 745, 748. Indeed, plaintiff now concedes on appeal that "the Circuit Court of Madison County, Illinois was not convenient to the parties and others." The trial court nevertheless abused its discretion in ordering that the case be transferred to the venue of "Plaintiff's choice." What the court apparently failed to comprehend is that the doctrine of *forum non conveniens* assumes the existence of at least one other forum in which jurisdiction may be ob-

tained over the parties and the subject matter of the cause and where the convenience of the parties and the ends of justice will be better served. (See 113 Ill. 2d 112, 117, 497 N.E.2d 745, 747.) That the original forum may be inconvenient is not enough. Unless such an alternative forum is shown to exist, the doctrine can have no application.

■ In this case, the only possible alternative forum evident in the record is Crawford County. The circuit court expressly found, however, that the case should not be transferred there. As a result, rather than advancing the purposes of the *forum non conveniens* doctrine, the court's decision would impede them, for its expansive language would authorize plaintiff to take up his case in *any* other forum, even though jurisdiction and venue would not otherwise be proper and even though that forum was not appropriate under the principles articulated in *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 497 N.E.2d 745.

After thorough review of the record, we have been unable to ascertain why the circuit court refused simply to transfer the case to Crawford County as defendants requested. The jurisdiction of the circuit court of Crawford County has not been disputed. Crawford County is the situs of the transaction giving rise to plaintiff's cause of action against each defendant, and venue would be proper there under section 2—101 of our Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—101.) Crawford County is therefore available as an alternative forum. Plaintiff resides in Crawford County as do four of the six witnesses thus far identified. The remaining two witnesses live nearby, one in Effingham County, the other in White County. All of Marathon Oil's records pertaining to the occurrence are maintained in Crawford County. No claim has been made that a fair trial could not be obtained there, and court congestion has not been cited as a factor by either party. In an affidavit which defendants submitted to the trial court, they assert that Crawford County would be a more convenient forum than Madison County. As previously noted, plaintiff concedes that Madison County would not be convenient. He has submitted nothing which would bring into doubt the convenience of Crawford County. Although plaintiff asserts in his brief that he received medical treatment in Champaign, Illinois, and in Indiana, this assertion is completely unsubstantiated. Plaintiff has adduced no affidavit or other evidence of any kind which would warrant litigation of this case anywhere other than in Crawford County.

Because the factors set forth in *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 119, 497 N.E.2d 745, 748, strongly favor Crawford County, defendants' suggested alterna-

tive forum, the trial court abused its discretion in not granting defendants' motion to transfer. Accordingly, the judgment of the circuit court of Madison County is reversed, and the cause is remanded with instructions that it be transferred to Crawford County.

Reversed and remanded with instructions.

KARNS, P.J., and WELCH, J., concur.