GOLDEN RULE INSURANCE COMPANY, Plaintiff-Appellant, v. MARIA MANASHEROV, Defendant-Appellee.

Fifth District No. 5—88—0782

Opinion filed July 18, 1990.—Rehearing denied August 23, 1990.

Guy E. McGaughey, Jr., of McGaughey & McGaughey, Ltd., of Lawrenceville, for appellant.

Michael D. Weis, of Northbrook, and Jerry Miller, of Bowen & Miller, of Olney, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

The plaintiff, Golden Rule Insurance Company, filed suit in the circuit court of Lawrence County, Illinois, seeking a declaratory judgment that it was not liable to the defendant, Maria Manasherov, on a claim for medical and hospital bills incurred by her daughter. The defendant filed a motion based upon the doctrine of intrastate *forum non conveniens* to transfer the cause to Lake County or Cook County. The circuit court granted the defendant's motion and transferred the case to the circuit court of Cook County. We granted plaintiff's petition for leave to appeal pursuant to Supreme Court Rule 306(a)(1)(ii) (107 Ill. 2d R. 306(a)(1)(ii)). We affirm.

Plaintiff's complaint alleged that it is an Illinois corporation with its home office and principal place of business in Lawrenceville, Lawrence County, Illinois. The defendant is a resident of Buffalo Grove, Lake County, Illinois. Plaintiff alleged that the defendant filed a written application with Golden Rule for a family health insurance policy through an independent broker, Eugene S. Weil, d/b/a Weil Financial Concepts of Chicago, Illinois. Defendant's answer denied that Weil was an independent broker and alleged that Weil held himself out to be the agent for plaintiff and had apparent authority to act for the plaintiff. The application for insurance named the defendant as the insured and her husband and two children as covered dependents. The application provided that the insurance would become effective when the application was approved by Golden Rule, and, if approved, the insurance would become effective on the later of: (1) the requested policy date; or (2) the date the application and payment of the premium was received by Golden Rule at its home office. The application also provided that no benefits would be paid for a health condition that existed prior to the date when the insurance took effect. The requested policy date shown on the application was January 6, 1987. The plaintiff alleged, however, that the application and payment of the premium was not received by Golden Rule at its office until January 12, 1987. In her answer, the defendant denied that the application and premium were received on January 12 and the defendant asserted that she is a recent immigrant from Russia with a limited knowledge of the English language and that she relied upon the representations of Eugene Weil that he was an agent for the plaintiff and that coverage was effective upon the mailing of the premium to plaintiff by the defendant. The defendant's daughter, Regina Manasherov, was admitted to Northwestern Memorial Hospital in Chicago on January 8, 1987, where she was treated for a viral illness. She was discharged two weeks later. The defendant submitted a claim for Regina's hospi-

tal and medical bills; Golden Rule denied the claim and filed this action for declaratory judgment.

The defendant's *forum non conveniens* motion alleged that virtually all sources of proof were located either in Cook or Lake Counties, including the defendant, her husband, her daughter, the hospital, the insurance agency that sold the insurance policy to the defendant, and the bank where the check was drawn for payment of the insurance premium. The defendant also asserted that the courts of Cook and Lake Counties were easily accessible to the defendants and their witnesses while the expense and inconvenience of defending the case in distant Lawrence County would render it virtually impossible for her to proceed. Plaintiff's response to defendant's motion to transfer asserted that Lawrence County was the most convenient forum because the defendant's application and initial premium were received in Lawrenceville, the application was processed in Lawrenceville, telephone calls were made from Lawrenceville regarding the application, the policy was issued from plaintiff's Lawrenceville office, defendant's claim was presented to the Lawrenceville office, and her claim for benefits was denied at Lawrenceville. In addition, the affidavit of Frankie J. Deckard, an employee of Golden Rule, named eight Golden Rule employees who took part in reviewing, underwriting and issuing the policy and in dealing with defendant's claims. Plaintiff also contended that the dockets of the courts of Cook and Lake Counties were more crowded than the docket of the circuit court of Lawrence County.

In granting the defendant's motion and transferring the case to Cook County, the trial court found that the balance of relevant factors strongly favored the defendant because the access to relevant sources of proof was much greater in Cook County and the "advantages and obstacles to obtaining a fair trial strongly favor Cook County, as time, convenience and access to sources of proof are much greater there, and the congestion of court dockets has not been shown to be any factor which would disfavor any proper venue over another; finally, the convenience to the parties would be far greater in Cook County, which is near the defendant's home and near the agent and the medical witnesses, whose testimony would determine the status of the parties as to insurance coverage."

■ The granting or denial of a *forum non conveniens* motion lies within the sound discretion of the trial court, and its decision will not be disturbed unless it is shown that the court abused its discretion in weighing the relevant considerations. (*McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 288, 520 N.E.2d 368, 372; *Jones*

*v. Searle Laboratories* (1982), 93 Ill. 2d 366, 373, 444 N.E.2d 157, 160; *McDowell v. Marathon Oil Co.* (1987), 151 Ill. App. 3d 1065, 1067, 503 N.E.2d 1190, 1192.) We emphasize that this court's duty on review is not to determine whether the trial court exercised its discretion wisely, but only whether it abused that discretion. *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 503-04, 490 N.E.2d 694, 699; *McDowell*, 151 Ill. App. 3d at 1067, 503 N.E.2d at 1192.

■■ *Forum non conveniens* is an equitable doctrine designed to promote fair play between the litigants. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 351, 456 N.E.2d 601, 607.) Under this doctrine "a court may decline to exercise jurisdiction of a case whenever it appears that there is another forum with jurisdiction of the parties in which trial can be more conveniently had." (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 223, 506 N.E.2d 1291, 1294.) A decision to grant or deny a *forum non conveniens* motion involves a balancing of the private interest factors affecting the convenience of the parties and public interest factors affecting the administration of the courts. (*Bland*, 116 Ill. 2d at 223-24, 506 N.E.2d at 1294.)

> "Factors relating to the private interests of the litigants include the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' [Citation.]

> Public factors relevant here include the administrative difficulties flowing from court congestion; 'a local interest in having localized controversies decided at home'; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Bland*, 116 Ill. 2d at 224, 506 N.E.2d at 1294, citing *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843.

■ Based on the record before us, we cannot conclude that the trial court abused its discretion in finding that the relevant factors weighed heavily in the defendant's favor. The plaintiff argues that its choice of forum should not be disturbed because the insurance policy was sent to and processed at its office in Lawrence County. While this activity is sufficient to establish Lawrence County as a proper venue (see *Standard Mutual Insurance Co. v. Kinsolving* (1960), 26 Ill. App. 2d 180, 167 N.E.2d 241; Ill. Rev. Stat. 1987, ch. 110, par. 2—101), we do not believe it to be a significant factor favoring the plaintiff's choice of forum. Although there is some question regarding the date

on which the insurance application and check were received in plaintiff's office, the primary factual issue in this case concerns what representations, if any, Eugene Weil made to the defendant with respect to the effective date of the policy. These alleged representations occurred in Cook County; the critical witnesses to the events, Weil and the defendant, are from Cook and Lake Counties. The insurance application was obtained from Weil in Cook County and mailed from Cook or Lake County. Moreover, the defendant's claim is for treatment that her daughter received in a hospital in Cook County. In view of these facts, the trial court may have been somewhat skeptical of plaintiff's claim that it will be necessary to call as witnesses all eight employees who "took part in reviewing, underwriting, and issuing the policy and in dealing with defendant's claims." We believe, therefore, that the balance of factors relating to the private interests of the litigants strongly favors the defendant.

 With regard to the public interest factors, the plaintiff contends that the trial court's finding that "the congestion of court dockets has not been shown to be a factor which will disfavor any proper venue over another" was contrary to the facts and an abuse of discretion. Plaintiff argues that the court docket in Lawrence County is uncongested while the docket in Cook County is "saturated and overladen with cases" and "[t]hese facts are documented by the statistical records of the administrative office of the Illinois courts and may be judicially noticed." While we agree with plaintiff that a court may properly take notice of court congestion (see *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 122, 497 N.E.2d 745, 749), the record reveals that the plaintiff did not ask the trial court to take judicial notice of the Annual Report of the Administrative Director to the Supreme Court of Illinois; indeed, there is no reference to the annual report anywhere in the record. The only reference to court congestion contained in the record is in paragraph 6 of plaintiff's response and objection to defendant's motion to transfer, which states that "[t]he dockets of Lake County, Illinois and Cook County are more crowded than the docket of Lawrence County, Illinois." Although we do not doubt that the courts of Cook County are more congested than those in Lawrence County, given the state of the record before it, we discern no significant error in the trial court's finding that court congestion "has not been shown to be a factor" favoring one venue over another. In any event, even if congestion of the court dockets favors plaintiff's position, we find that this factor is outweighed by the public interest in having localized controversies decided at home. We believe that it is in the best interest of the public

that when a dispute arises over a product, here an insurance policy, that is purchased locally, the best interests of justice are served by resolving that dispute in local courts. We find therefore that the public interest factors also favor the defendant.

We recognize, of course, that the plaintiff's right to select a forum is a substantial one (*Bland*, 116 Ill. 2d at 225, 506 N.E.2d at 1295) and that unless the relevant factors strongly favor the defendant the plaintiff should be allowed to exercise his choice in deciding where to file suit (*Torres*, 98 Ill. 2d at 351, 456 N.E.2d at 607).

> "If there are sufficient factors that favor the plaintiff's choice of forum, then the defendant's inconvenience should not be considered, provided venue is proper. For unless the balance strongly favors the defendant, then the plaintiff should be able to exercise his statutory right to choose his forum." *Torres*, 98 Ill. 2d at 351, 456 N.E.2d at 607.

Although we find that the factors in this case weighing in favor of Cook County are sufficient in themselves to preclude a finding of abuse of discretion by the trial court, we believe that there are two additional factors which weigh against the traditional deference given to a plaintiff's choice of forum. First, although Golden Rule is the plaintiff in this action, this is by virtue of the fact that Golden Rule chose to file for a declaratory judgment rather than defend the claim that Manasherov had indicated through her attorney that she was going to assert. We agree that Golden Rule was perfectly justified in filing a declaratory judgment action once the disputed nature of the defendant's claim became apparent, but we are, nevertheless, somewhat uneasy about sponsoring a race to the courthouse and offering deference to the plaintiff's choice of forum as a prize. We suggest that in such cases the arguments for favoring a plaintiff's choice of forum are less than compelling.

Second, we note that in the statutes governing both jurisdiction (Ill. Rev. Stat. 1987, ch. 110, par. 2—209(4)) and venue (Ill. Rev. Stat. 1987, ch. 110, par. 2—103(e)), it appears that the legislature has evidenced some intent to treat suits against insurance companies differently than suits against other companies or individuals. Section 2—209(4) of the Code of Civil Procedure provides that one submits to the jurisdiction of this State by "[c]ontracting to insure *any person*, property or risk *located within this State* at the time of contracting." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 2—209(4).) Section 2—103(e) of the Code of Civil Procedure provides that "[a]ctions against any insurance company incorporated under the law of this State or doing business in this State may also be brought in any

county in which the plaintiff or *one of the plaintiffs may reside.*" (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, par. 2—103(e).

The obvious intent of these two sections is to protect the consumers of insurance products by making it easier for them to enforce their rights against insurance companies. Only in suits against insurance companies are plaintiffs given the additional choice of filing suit in the county in which they reside. This is a significant exception to the general principles of the venue statute which is designed to insure that an action will be brought "either in a location convenient to the defendant, by providing for venue in the county of residence, or convenient to potential witnesses, by allowing for venue where the cause of action arose." (*Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 328, 368 N.E.2d 88, 91.) We believe that this evidence of a legislative intent to protect the buyers of insurance is an additional reason to afford less deference to the plaintiff's choice of forum in a declaratory judgment action brought by an insurance company.

For the above-stated reasons, we find that the trial court did not abuse its discretion in transferring this cause to Cook County. We affirm and remand for proceedings consistent with this opinion.

Affirmed and remanded.

WELCH and RARICK, JJ., concur.