GOLDEN RULE INSURANCE COMPANY, Plaintiff-Appellee, v. RONALD J. OLSON, Defendant-Appellant.

Fifth District   No. 5—91—0503

Opinion filed August 31, 1992.—Rehearing denied September 30, 1992.

Terry C. Kaid, of Woodcock, Kline & Kaid, P.C., of Mt. Carmel, for appellant.

Guy E. McGaughey, Jr., of McGaughey & McGaughey, Ltd., of Lawrenceville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Plaintiff, Golden Rule Insurance Company, brought a declaratory judgment action in the circuit court of Lawrence County, challenging the enforceability of a health insurance policy issued by plaintiff to defendant, Ronald J. Olson. Plaintiff alleged in its complaint that the policy was void *ab initio* because of certain misrepresentations made by defendant in his application for health insurance, concerning the extent of defendant's use of alcohol and the indication of any alcohol abuse on defendant's part. Based on these alleged misrepresentations, plaintiff rescinded defendant's policy of insurance, denying coverage of defendant's medical bills incurred for the alleged treatment of alcoholic cardiomyopathy from August 16, 1989, to October 2, 1989.

Defendant filed a verified motion to transfer venue of this action, on grounds of *forum non conveniens*, to the circuit court of Cook County. In his motion, defendant stated that he was a resident of Cook County and had made application to plaintiff for health insurance through the Kropp Insurance Agency, which is located in Cook County. The soliciting agent for plaintiff insurance company at the Kropp Insurance Agency was Tom Terrill, who also is a resident of Cook County. The insurance policy premiums were partially paid by defendant's employer, Chicago Embroidery Company, located in Chicago, Cook County, Illinois, and the premiums were paid in Cook County.

Defendant's medical treatment, the bills for which were denied coverage due to the rescission of defendant's policy, was received at Resurrection Hospital, Loyola Medical Center and Foster G. McGaw Medical Center, and each of these facilities is located in Cook County, Illinois. Defendant further stated in his motion that most of the witnesses involved in the proof of plaintiff's complaint and the defense thereof are more accessible or subject to compulsory process to Cook County due to their location and residence and places of business. Defendant listed these potential witnesses, all of whom reside in Cook County, Illinois:

    A. Tom Terrill, Kropp Insurance Agency;

    B. Dr. P. Patel;

    C. Medical and nursing personnel of Resurrection Hospital;

    D. Medical and nursing personnel of Loyola Medical Center;

    E. Medical and nursing personnel of Foster G. McGaw Medical Center.

Defendant's medical records and other related information were alleged to be more accessible and subject to compulsory process in Cook County due to their location at the above medical centers.

Defendant alleged that the denial of benefits and the rescission draft by which plaintiff reimbursed the premiums paid under the policy were not issued by plaintiff's Lawrence County office but by plaintiff's home office located in Indianapolis, Indiana. Defendant alleged that the only connection Lawrence County has with this cause of action is that the policy of insurance may have been issued from the Lawrence County office. Defendant not only maintained that it would be inconvenient to defend this case in Lawrence County but raised issue with whether he could get a fair trial in this county, due to the fact that plaintiff is one of the major employers in Lawrence County. Defendant stated that Cook County has a far greater connection to the subject matter of the lawsuit than Lawrence County and when all of the above factors are considered, they strongly favor application of the doctrine of *forum non conveniens* for transferring this cause of action to Cook County, Illinois. Defendant supported his motion for transfer of venue with his sworn affidavit.

Plaintiff filed its response objecting to the proposed transfer of venue to Cook County on grounds of *forum non conveniens*. In its objection, plaintiff recited that venue was proper in Lawrence County pursuant to section 2—101 of the Illinois Code of Civil Procedure, which provides in pertinent part:

> "[E]very action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, *or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 110, par. 2—101.)

Plaintiff stated that the transaction, or some part thereof, out of which the cause of action arose in the instant case occurred in Lawrence County. Moreover, plaintiff stated that venue was proper in Lawrence County since the home office of plaintiff was in Lawrenceville, Illinois, the application and initial premium were received in Lawrenceville, Illinois, the application was processed and telephone calls regarding the application were made in Lawrenceville, and the policy was issued from Lawrenceville, Illinois. Additionally, plaintiff maintained that the claims for benefits were received and denied in Lawrenceville and the rescission letter was mailed from Lawrenceville, Illinois.

Plaintiff cited the 1989 Report of the Administrative Office of the Illinois Courts for the proposition that the number of civil cases filed in 1989 in Cook County was 63,872 while the number of civil cases filed in Lawrence County was 58 and maintained that this factor weighed heavily in favor of denying defendant's motion. Moreover, plaintiff stated that defendant's inconvenience should not be considered, attaching the affidavit of John White that C. Fouts, Vicki Cozart, John Furrow, Duane Risley, Marcia Fuller, Melody Love, Kennitta Piper, Johnnielyn Tracy, Nikki Catt, Frankie J. Woodward, Vickie A. Mackey and Neal Chaplin, present or past employees of Golden Rule Insurance Company who live in and around Lawrenceville, Illinois, were all critical witnesses in the instant case. Plaintiff further noted that the testimony of defendant's physicians may be presented by evidentiary deposition and so there was no need that they be present at trial. In addition, plaintiff maintained that defendant's medical records could be certified and thereby produced without any inconvenience to defendant. Moreover, plaintiff noted that all witnesses were apparently subject to compulsory process in Illinois. Finally, plaintiff maintained that defendant could not show that he would not receive a fair trial in Lawrence County, which has a population of approximately 17,000 people, because plaintiff employs a relatively small number of people, 317, at its home office in Lawrenceville. Therefore, plaintiff argued, the significant factors did not strongly favor defendant and his motion should be denied.

The circuit court denied defendant's motion to transfer venue by its order of June 20, 1991. The court found that in balancing private-interest factors affecting the convenience of the litigants with the public-interest factors affecting the administration of the courts, the court could find no compelling reason to disallow the exercise of plaintiff's choice of forum, in view of the fact that venue was proper in Lawrence County. The court noted, however, that the case *Golden Rule Insurance Co. v. Manasherov* (1990), 200 Ill. App. 3d 961, 558 N.E.2d 543, affirmed a transfer of venue under similar circumstances. The circuit court noted with respect to the *Manasherov* decision:

> "That court seemed to feel the legislature in Section 2—209(4) of the Code of Civil Procedure by allowing a plaintiff to sue an insurance company where he resides evidenced an intent to protect buyers of insurance thereby allowing less deference to an insurer's choice of forum when same brings an action. If that was the intent the legislature should expand 2—209(4) to only allow an insurance company to sue in the county of residence of the insured. Without that addition one cannot extend

2—209(4) to restrict the rights of an insurance company beyond those of any other citizen."

Defendant petitioned this court for leave to appeal the June 20, 1991, order pursuant to Supreme Court Rule 306(a)(1)(ii) (134 Ill. 2d R. 306(a)(1)(ii)), which petition was granted on September 3, 1991. On appeal, defendant contends that the circuit court abused its discretion in denying his motion to transfer venue from Lawrence County to Cook County based on *forum non conveniens*. For reasons stated as follows, we reverse the denial by the circuit court of defendant's motion to transfer venue to Cook County.

The doctrine of *forum non conveniens* provides that a court may decline to exercise jurisdiction over a case if it is more convenient to try the case in another forum with appropriate jurisdiction and venue and it would serve the ends of justice. (*Boner v. Peabody Coal Co.* (1991), 142 Ill. 2d 523, 527, 568 N.E.2d 883, 885, citing *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 223, 506 N.E.2d 1291, 1294.) The doctrine is an equitable one that assumes the existence of more than one forum with jurisdiction over the parties and the subject matter of a case. (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 105, 554 N.E.2d 209, 211, citing *Bland*, 116 Ill. 2d at 223, 506 N.E.2d at 1294.) This doctrine is applicable on an intrastate as well as interstate basis since the supreme court's decision in *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601. The party seeking transfer of venue on *forum non conveniens* grounds has the burden of showing that plaintiff's chosen forum will be unduly burdensome or inconvenient to him. *Lint v. Missouri Pacific R.R. Co.* (1990), 200 Ill. App. 3d 1047, 1049, 558 N.E.2d 702, 703.

In resolving both interstate as well as intrastate *forum non conveniens* questions, it is well established that the trial court must balance private-interest factors affecting the convenience to the litigants with the public-interest factors affecting the administration of the court. (*Griffith*, 136 Ill. 2d at 105, 554 N.E.2d at 211; *Bland*, 116 Ill. 2d at 223, 506 N.E.2d at 1291.) Private-interest factors to be considered are " 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' " (*Torres*, 98 Ill. 2d at 345, 456 N.E.2d at 604, quoting *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.) Relevant public-interest factors include the administrative difficulties caused when litigation is handled in con-

gested venues, the unfairness of imposing jury duty upon residents of a county with no connection to the litigation, and an interest in having localized controversies decided locally. (*Griffith*, 136 Ill. 2d at 106, 554 N.E.2d at 211, citing *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 289, 520 N.E.2d 368, 372.) The burden is on defendant to show the relevant factors strongly favor transfer of the cause to another forum. *Boner*, 142 Ill. 2d at 542, 568 N.E.2d at 892.

Our supreme court has also consistently held that a trial court is vested with broad discretion in determining whether particular circumstances warrant a transfer of a cause from its jurisdiction to another court's under the doctrine of *forum non conveniens* and that the trial court's decision in this regard will be reversed only upon showing that in deciding as it did, the court clearly abused its discretion. (*Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 398, 581 N.E.2d 644, 645; *Griffith*, 136 Ill. 2d at 106, 554 N.E.2d at 211; *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 118, 497 N.E.2d 745, 747.) Therefore, the sole issue before this court is whether the circuit court abused its discretion in denying defendant's motion to transfer venue to Cook County. (*Boner*, 142 Ill. 2d at 527, 568 N.E.2d at 885.) Our inquiry will focus upon the relative convenience of the available forums, Lawrence and Cook Counties. *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 76, 457 N.E.2d 417, 418.

■ Of the private-interest factors, we will first examine convenience to the witnesses and parties. We take note of the fact that Lawrence County is located in southeastern Illinois while Cook County is located in northeastern Illinois. We also take note that the controversy involved in the instant declaratory judgment case is the enforceability of defendant's contract for insurance. In order for the trial court to find that the contract is unenforceable and that plaintiff was entitled to rescind the contract, plaintiff must prove that defendant misrepresented his medical history on his application for insurance, specifically the extent of his use of alcohol and indication of any alcohol abuse on his part. Likewise, for the trial court to find that the contract is enforceable, defendant must prove that he made no such misrepresentations on the application for insurance. It would seem then that the issue of defendant's prior use of alcohol is pivotal in the instant case and that the testimony of defendant and his doctors, and defendant's medical records, would be relevant in this regard. Therefore, access to medical records and other sources of proof, which are all located in Cook County, could be obstructed if defendant were forced to litigate the matter in Lawrence County.

In contrast, the affidavit of John White lists areas of possible trial testimony from past and present employees of plaintiff insurance company residing in or about Lawrence County, the vast majority of which involved processing the application, telephone contacts for clarification of certain items on the application, underwriting, and issuance of the policy. None of this testimony appears to relate to the alleged misrepresentation by defendant of any history of alcoholism or alcohol abuse. Indeed, of the 12 past or present employees listed in White's affidavit, only Mackey, O'Neal and Chaplin, according to the affidavit, had any connection with the decision to rescind the policy based on discovery of defendant's alleged history of excess alcohol consumption. Mackey, from the Lawrenceville underwriting department, and Chaplin, her supervisor, both rendered opinions that plaintiff would not have issued a policy to defendant had it known of his history of alcohol consumption. O'Neal sent letters to defendant and Terrill, the insurance broker, notifying them that defendant's policy had been rescinded. Although this testimony might be material to establish the good faith of the insurance company in rescinding the policy, it does not directly relate to the key issue in the case, whether or not defendant misrepresented the extent of his use of alcohol on the insurance application. Therefore, the private-interest factor with respect to the relative convenience of the parties and access to sources of proof weighs heavily in favor of the transferee county.

■ In addition, defendant has also alleged an inability to receive a fair trial in Lawrence County due to the large economic presence of plaintiff in Lawrence County. Plaintiff argues, however, that Lawrence County has a population of 17,000 citizens and plaintiff insurance company employs only 317 persons at its Lawrence, Illinois, office. We note that defendant attached the affidavit of attorney Terry C. Kaid in support of his memorandum in support of the motion to transfer venue to Cook County. In said affidavit attorney Kaid stated that he had read numerous articles published in newspapers in Lawrence County concerning Golden Rule's controversy with the Illinois Department of Insurance and that these articles publicized the fact that plaintiff plays a large and significant role in the economic well-being of the Lawrence County area. We find that this private-interest factor weighs in favor of defendant.

■ Because of the nature of plaintiff's cause of action, it is unlikely that a jury view would be requested by any of the parties, and so this private-interest factor does not weigh more heavily in favor of either party.

Concerning public-interest factors, it is appropriate to consider the congestion of court dockets as a factor of public concern (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 372, 456 N.E.2d 98, 104), and in doing so it is proper to notice the Annual Reports of the Administrative Director to the Supreme Court of Illinois. (*Meyers*, 113 Ill. 2d at 122, 497 N.E.2d at 749.) Plaintiff notes that in addition to showing a much-increased volume of cases filed in Cook County, the 1989 Annual Report shows that there were 842,762 cases pending in Cook County at the end of 1989 compared to only 1,459 cases pending in Lawrence County. Defendant notes, however, that the 1989 Annual Report of Illinois Circuit Court Calendar Management also shows that an average case in Lawrence County takes 72.0 months to termination while the average case in Cook County is concluded in only 34.2 months. Moreover, given the relative volume of cases processed by each respective circuit court, Lawrence County's percent of backlogged cases is 90.5% while Cook County's percent is only 81.4%.

■ No single circumstance is necessarily dispositive, and each case must ultimately turn on its own set of facts. (*Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 228, 478 N.E.2d 370, 372.) Because the determination of whether the circuit court abused its discretion must turn on an examination of the private- and public-interest factors, *in toto*, we cannot say that the sole fact that far fewer civil cases are filed in Lawrence County than in Cook County strongly favors or mandates plaintiff's choice of forum in the instant case, especially considering the fact that Cook County is able to process cases more efficiently than Lawrence County, according to the 1989 Annual Report.

Defendant strongly contends that there is no significant connection between plaintiff's declaratory judgment action and Lawrence County and argues that a case should not be tried in a forum which has no significant factual connections with the occurrence. Our supreme court recently decided, with respect to an "adjacent counties" case, that the denial of a motion to transfer venue was an abuse of discretion where the chosen forum had no apparent connection with the injury for which the litigation was filed. In *Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 581 N.E.2d 644, plaintiff's decedent was electrocuted by an uninsulated electrical wire maintained by defendant utility. Plaintiff brought suit in Madison County, and defendant moved to transfer venue based on *forum non conveniens* to Bond County, plaintiff's residence and the location of the alleged wrongful death. The appellate court affirmed the denial by the trial

court of defendant's motion to transfer venue, finding that because defendant utility provided electrical power to both the chosen and transferee counties, both counties had an interest in the controversy. (*Washington v. Illinois Power Co.* (1990), 200 Ill. App. 3d 939, 946, 558 N.E.2d 509, 513.) Our supreme court reversed the decision of the appellate and trial courts, holding that refusing to transfer venue to Bond County, a county adjacent to Madison County, was an abuse of discretion where plaintiff was not a resident of the chosen forum, the parties' witnesses and sources of proof were all located in the transferee county, a viewing of the premises might be appropriate in the case and the situs of the injury was in the transferee county and the chosen county has a congested court docket. The supreme court noted that although any county to which defendant provides utility service has an interest in the outcome of the case, the interest of none of these counties is greater than that of the transferee county, where the accident occurred, and that it could see no reason for imposing the jury duty burden on the citizens of Madison County, which has no relation to the litigation. *Washington*, 144 Ill. 2d at 403-04, 581 N.E.2d at 646-47.

■ In the instant case, plaintiff argues that Lawrence County has an interest in the litigation because this is where the policy was issued and rescinded. However, as noted above, the issue to be decided in this declaratory judgment action is whether defendant misrepresented on his application the extent of his use of alcohol. This alleged misrepresentation could only have occurred in Cook County, where defendant applied for the policy. Moreover, the medical treatment for which defendant submitted bills to plaintiff insurance company and for which coverage was refused was received in Cook County. In addition, the contact with defendant's doctors which provided plaintiff with the alleged proof of plaintiff's misrepresentations took place in Cook County. That the decisions to issue the policy and to rescind it both took place in Lawrence County is inconsequential to the grounds for the rescission of the policy, defendant's alleged misrepresentation. Therefore, Lawrence County does not have an apparent interest in having the controversy decided locally, and this public-interest factor weighs for the transferee forum, in that Lawrence County would be overburdened with the trial of a case in which it has no significant factual connection.

Plaintiff maintains, however, that it was fully justified in filing this action in its home county of Lawrence, where venue is proper under section 2—101(2) of the Code of Civil Procedure. (See Ill. Rev. Stat. 1989, ch. 110, par. 2—101(2).) It also notes that a plaintiff's

right to select a forum is a substantial one and unless the relevant factors strongly favor the defendant, plaintiff should be allowed to exercise its choice in deciding where to file suit. In deciding a *forum non conveniens* motion, a court is to take all the relevant factors into account, giving each factor, including plaintiff's choice of forum, proper deference or weight under the circumstances. *Griffith*, 136 Ill. 2d at 107-08, 554 N.E.2d at 212.

Defendant argues in response that the relevant factors strongly favor the transferee county and notes that our decision in *Golden Rule Insurance Co. v. Manasherov* (1990), 200 Ill. App. 3d 961, 558 N.E.2d 543, is dispositive in the instant case because of its extremely similar factual situation. Accordingly, defendant maintains that because the trial court abused its discretion in refusing to follow our decision in *Manasherov*, its June 20, 1991, order denying a transfer of venue to Cook County must be reversed. In *Manasherov* we noted that section 2—209(4) of the Code of Civil Procedure provides that one submits to the jurisdiction of this State by "[c]ontracting to insure any person *** located within this State at the time of contracting" (Ill. Rev. Stat. 1987, ch. 110, par. 2—209(4)), and that section 2—103(e) of the Code of Civil Procedure provides that "[a]ctions against any insurance company incorporated under the law of this State or doing business in this State may also be brought in any county in which the plaintiff *** may reside" (Ill. Rev. Stat. 1987, ch. 110, par. 2—103(e)). We also noted that only in suits against insurance companies are plaintiffs given the additional choice of filing suit in the county in which they reside and that this is a significant exception to the general principles of the venue statute, which is designed to insure that an action be brought either in a location convenient to the defendant, by providing for venue in the county of residence, or convenient to potential witnesses, by allowing for venue where the cause of action arose, citing *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 328, 368 N.E.2d 88, 91. We found that these two sections of the Code of Civil Procedure evidenced a legislative intent to protect the buyers of insurance and that this was an additional reason to afford less deference to the plaintiff's choice of forum in a declaratory judgment action brought by an insurance company. *Manasherov*, 200 Ill. App. 3d at 969, 558 N.E.2d at 547.

■ The trial court's order in the instant case indicates that it did not find persuasive our statement in *dicta* in the *Manasherov* case that a plaintiff's choice of forum is entitled to less deference in a declaratory judgment action brought by an insurance company. In its June 20, 1991, order the trial court states: "If that was the intent the

legislature should expand 2—209(4) to only allow an insurance company to sue in the county of residence of the insured."

In *Manasherov* we found no abuse of discretion on the part of the circuit court in transferring the declaratory judgment suit brought by the plaintiff insurance company against its insured, from Lawrence County to Cook County, the residence of the defendant/insured. Plaintiff sought a declaratory judgment that it was not liable to defendant on a claim for medical and hospital bills incurred on January 8, 1987, in Cook County, for her daughter's illness. Plaintiff alleged that the insurance application provided that no benefits would be paid for a health condition that existed prior to the date when the insurance took effect and that because the application and premium payment were not received by plaintiff until January 12, 1987, this was the effective date of the policy. The primary factual issue to be decided in the *Manasherov* case involved representations alleged to have been made to defendant by plaintiff's agent in Cook County that insurance coverage would be effective upon the mailing of the premium to plaintiff by the defendant.

Defendant filed a motion for change of venue to Cook County alleging that virtually all sources of proof were located either in Cook County or Lake County (a county adjacent to Cook County), including defendant, her husband, her daughter, the hospital, the insurance agency that sold the policy to defendant, and the bank where the check was drawn for payment of the insurance premium. Defendant contended that the circuit court in Cook County was easily accessible to defendant and her witnesses while the expense and inconvenience of defending the case in distant Lawrence County would render it virtually impossible for her to proceed.

Plaintiff argued in response to the motion with an affidavit naming various employees who took part in reviewing, underwriting and issuing the policy and in dealing with defendant's claims. Plaintiff also argued that the court dockets in Cook County were more crowded than the docket of the circuit court in Lawrence County.

In granting defendant's motion, the trial court found that the balance of relevant factors strongly favored the defendant because the advantages and obstacles to obtaining a fair trial strongly favor Cook County, as time, convenience and access to sources of proof are much greater there. The court further found that congestion of court dockets has not shown to be any factor which would disfavor any proper venue over another and that the convenience to the parties would be far greater in Cook County, which is near the defendant's home and

near the agent and medical witnesses whose testimony would determine the status of the parties as to insurance coverage.

This court, on appeal, concluded that the trial court did not abuse its discretion in finding that the relevant factors weighed heavily in the defendant's favor. Although plaintiff argued that its choice of forum should not be disturbed because the policy was sent to and processed at its office in Lawrence County, we found that this activity was not a significant factor favoring plaintiff's choice of forum because the primary factual issue concerned the representations, if any, made by plaintiff's agent in Lawrence County. We also noted that the application was obtained in Cook County and mailed from Cook County and defendant's daughter's medical treatment took place in Cook County, concluding that the private-interest factors favored defendant. We also agreed that the public-interest factors favored the defendant and stated, "[w]e believe that it is in the best interest of the public that when a dispute arises over a product, here an insurance policy, that is purchased locally, the best interests of justice are served by resolving that dispute in local courts." (*Manasherov*, 200 Ill. App. 3d at 967-68, 558 N.E.2d at 546.) We also noted that although Golden Rule was the plaintiff in the instant case, by virtue of the fact that it chose to file for a declaratory judgment rather than defend the claim plaintiff had indicated through her attorney that she was going to assert, we were uneasy about sponsoring a race to the courthouse by offering deference to plaintiff's choice of forum as the prize, and we suggested that in such cases, the arguments for favoring a plaintiff's choice of forum were less than compelling. *Manasherov*, 200 Ill. App. 3d at 968, 558 N.E.2d at 547.

Plaintiff responds, however, that our decisions in *Golden Rule Insurance Co. v. Merritt W. Kelly* (5th Dist. August 14, 1990), No. 89—0494 (unpublished order under Supreme Court Rule 23), of which we can take judicial notice, and *Golden Rule Insurance Co. v. Robeza* (1986), 151 Ill. App. 3d 801, 502 N.E.2d 1070, are dispositive of our decision in the instant case. Plaintiff also maintains that the trial court's familiarity with these decisions supported its exercise of discretion in denying a change of venue to Cook County. In *Kelly*, plaintiff insurance company also filed a declaratory judgment action in Lawrence County, seeking to void a health insurance policy and deny defendant's claim for benefits because the claim was allegedly submitted for treatment relating to a preexisting medical condition which was not covered under the policy. As in the instant case, plaintiff also alleged that defendant had made a misrepresentation on his insurance application (whether he had other medical insurance in force at the

time he completed the application for insurance) and such misstatement could be used to void the policy and/or deny or reduce a claim.

The heading and introduction of defendant's motion to transfer on grounds of *forum non conveniens* indicated that defendant sought transfer of venue to Lake County while the prayer for relief requested a change of venue to Cook County. This court noted that although the motion alleged certain facts, it was not verified and not supported by affidavit or other competent evidence. Plaintiff, however, filed a verified response to the motion, which was supported by affidavit and which stated that: plaintiff's principal place of business and home office were in Lawrence County, the initial premium payment was received in and the policy issued out of Lawrence County; defendant was admitted to a hospital in Mt. Prospect, Illinois, and later transferred to a hospital in Lake County; phone calls from defendant's wife were made to Lawrence County and calls relating to defendant's claim were made from Lawrence County; and letters were received from Kelly in Lawrence County and his claims were denied in Lawrence County.

The trial court entered an order following a motion to reconsider filed by plaintiff, finding that jurisdiction over the parties was available in both Lawrence County and Cook County. After considering the relevant factors, the court found that those factors strongly favored Cook County, where plaintiff chose to do business through an agent and where the actual contact between the parties took place, and the court transferred venue to Cook County. The record did not include a report of proceedings of the hearing on the motion to transfer venue.

This court on appeal reversed the trial court transferring venue to Cook County, finding that the trial court abused its discretion because there were no relevant factors, appearing in the record, weighing in favor of Cook County as the most convenient forum in which to hear the case. We noted that the trial court may have considered allegations of fact which were contained in unverified and unsupported pleadings and which may have weighed in favor of Cook County as the appropriate forum, and to the extent that it relied on such incompetent evidence, it abused its discretion. We also stated that we were not implying by our decision that Lawrence County was the only appropriate forum in which to hear the case and that it appeared from the record that there may be facts which, if properly presented, might weigh in favor of trial in Lake County, but that question was not before the court.

In *Golden Rule Insurance Co. v. Robeza* (1986), 151 Ill. App. 3d 801, 502 N.E.2d 1070, plaintiff insurance company brought a declara-

tory judgment action in Lawrence County, Illinois, seeking to declare that insurance coverage for Vivian Robeza had never gone into effect because Mrs. Robeza had failed to answer each of the questions on the application and had failed to sign an amendment to the policy incorporating her answer to said question in the presence of plaintiff's agent. Plaintiff also sought a declaratory judgment that the medical expenses incurred by Mrs. Robeza were not covered under the policy because they arose from a preexisting medical condition, and that the insurance contract should be rescinded due to misrepresentations by the applicant. This litigation was filed on November 5, 1984. Brian Robeza, as administrator of the estate of Vivian Robeza, deceased, was joined as defendant in the Illinois litigation.

The record indicated that on November 2, 1984, the family of Vivian Robeza filed suit in California, alleging, *inter alia*, tortious breach of an insurance contract. Brian Robeza filed a motion to dismiss the Illinois action under the doctrine of *forum non conveniens*, which was denied by the circuit court of Lawrence County.

This court on appeal noted that decedent had applied to Golden Rule for a health insurance policy on May 1, 1984, through an independent insurance agent who sold policies for Golden Rule in Macoupin County, Illinois, and the effective date of the policy as issued was May 2, 1984. Shortly after this date, Mrs. Robeza became ill and traveled to San Diego County, California, to stay with her daughter. She was hospitalized in California, where she died on August 1, 1984. This court found that while the case did have contacts with California, the controversy had a legitimate and substantial relation to Illinois, noting that the interests of all the parties in both suits were based upon the insurance policy or actions taken with respect to it. We held that the factors to be considered did not strongly favor the defendant and accordingly found no abuse of discretion on the part of the trial court in denying defendant's motion to dismiss on grounds of *forum non conveniens*. *Robeza*, 151 Ill. App. 3d at 806, 502 N.E.2d at 1074.

Upon review of our decisions in *Manasherov, Kelly,* and *Robeza,* we come to the unmistakable conclusion that the *Manasherov* case controls our decision in the instant case. Without unduly lengthening this opinion, we find particularly noteworthy that as in *Manasherov* the relevant private- and public-interest factors weigh heavily in favor of Cook County. Moreover, to the extent that the trial court placed undue emphasis on plaintiff's choice of forum in this declaratory judgment action, in contravention of our pronouncement in *Manasherov*, we believe it abused its discretion. We also believe our decision is in line with the reasoning of the supreme court in *Washington v. Illinois*

*Power* that a trial court abuses its discretion in refusing to transfer venue when the chosen forum has no substantial relation to the litigation and the relevant factors weigh heavily in favor of defendant and the transferee county.

We further find that our order in the *Kelly* case and opinion in the *Robeza* case are factually distinguishable from the instant case. As we noted in *Kelly*, the defendant presented only incompetent evidence in support of its motion to transfer venue, and so the only competent evidence the court could consider in deciding the motion weighed heavily in favor of Lawrence County. The *Robeza* case is distinguishable first as an interstate rather than intrastate *forum non conveniens* case. Moreover, the primary issue involved in that case was the failure on the part of the insured to complete the entire application for insurance, and the facts were uncontroverted that Mrs. Robeza applied for the policy in Illinois rather than California. We therefore disagree that these cases support denial of defendant's motion to transfer venue to Cook County, Illinois.

Under the supreme court's long-standing definition of abuse of discretion, the decision of the circuit court made in the exercise of its discretion should not be set aside unless the opposite conclusion is clearly apparent. (*Bland,* 116 Ill. 2d at 233, 506 N.E.2d at 1298 (Goldenhersh, J., dissenting).) Under the foregoing analysis, we believe it is clearly apparent that defendant's motion should have been granted and accordingly that the trial court abused its discretion. We therefore reverse the June 20, 1991, order of the circuit court of Lawrence County and remand this cause with directions to transfer the instant case to Cook County, Illinois.

Reversed and remanded with directions.

GOLDENHERSH, P.J., and CHAPMAN, J., concur.